IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JEFFREY J. WEISS, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. _____ |
| | § | |
| DAVID HIRSCH, | § | |
| | § | |
| *Defendant.* | § | |

## PLAINTIFF'S APPLICATION FOR REGISTRATION OF
## FOREIGN JUDGMENT AND FOR ISSUANCE OF CHARGING ORDER

Pursuant to Federal Rule of Civil Procedure 69(a) and §18-703 of the Delaware

Limited Liability Company Act, Plaintiff Jeffrey J. Weiss ("Weiss") hereby request that

the Court register the Judgment (as defined herein) in favor of Plaintiff and against

Defendant, and issue a charging order against the limited liability company interests of the

Defendant - Judgment Debtor, David Hirsch ("Hirsch").[1]    In this regard, Weiss

respectfully represents:

- The Judgment was entered in favor of Weiss and against Hirsch in federal court in Colorado.

- The Colorado court allowed Weiss to register the Judgment in any district court and begin collection efforts.

- Hirsch is a member of AAFCAP, LLC and AAFCOR, LLC - both Delaware limited liability companies.

- Accordingly, Hirsch's present and future distributions, reimbursements, credits, draws or payments from AAFCAP, LLC and AAFCOR, LLC should be made available to Weiss until the Judgment is satisfied in full, and Weiss requests those sums be paid to the registry of the Court.

---

[1]    Plaintiff does not waive his right to any other remedies or procedures that may be available to collect the sums owed on the Agreed Judgment.

**I.**

**FACTUAL BACKGROUND**

1.        On February 9, 2007, the United States District Court for the District of Colorado (the "Colorado District Court") entered a judgment in favor of Weiss and against Hirsch in the principal amount of $104,673.74.[2]  On February 20, 2007 an amended judgment was entered by the Colorado District Court to reflect a proper interest rate of 8% commencing on September 26, 2006 (hereafter, the "Judgment").[3]  However, the principal amount of the judgment ($104,673.74) remained the same.[4]

2.        The Colorado District Court initially provided Hirsch with an opportunity to stay enforcement of the Judgment pending Hirsch's appeal on the condition that Hirsch file a supersedeas bond on or before April 6, 2007.[5]  However, Hirsch did not file the bond as directed by the Colorado District Court.[6]

3.        On April 11, 2007, the Colorado District Court entered an Order allowing Weiss to register the Judgment in any other district court and begin collection efforts.[7]  The Colorado District Court further ordered "that issuance of a certificate of judgment for the Amended Judgment entered in this matter on February 20, 2007, in favor of Weiss and

---

[2]        *See* Judgment, attached hereto as Exhibit "A".

[3]        *See* Amended Judgment, attached hereto as Exhibit "B".

[4]        *See id.*

[5]        *See* Order on Motion to Stay Enforcement of Judgment Pending Appeal, attached hereto as Exhibit "C"; *see also* Order Granting Expedited Certification of Judgment, attached hereto as Exhibit "D"

[6]        *See* Order Granting Expedited Certification of Judgment.

[7]        *See* Order Granting Expedited Certification of Judgment; *see also* Certification of Judgment for Registration in Another District, attached hereto as Exhibit "E".

2

against Hirsch, shall be expedited."[8]   In its Order, the Colorado District Court held that Weiss had demonstrated good cause for the certification requests.[9]   Weiss demonstrated that Hirsch had no assets in Colorado and might have assets in other states, including but not limited to his state of residence, Texas.[10]   The Colorado District Court also found good cause based upon its concern that Hirsch might transfer or conceal assets during the pendency of appeal.[11]   To date the Judgment remains unsatisfied.

4.    On April 20, 2007, Weiss registered the Judgment in the United States District Court for the Eastern District of Texas (the "Texas District Court").  On May 2, 2007 Weiss sent interrogatories, in that forum, in aid of judgment as well as a request for production to Hirsch.  Interrogatory No. 15 specifically requested that Hirsch "list every lawsuit or court proceeding in which [he] had ever been a party, either individually or in a representative capacity . . .".[12]   Hirsch submitted handwritten responses to Interrogatory No. 15 but failed to include the fact that Hirsch was a plaintiff in a lawsuit in New York, which was filed in May 2006.[13]   Interrogatory No. 10 required Hirsch to identify any interest Hirsch had in any company, firm, or corporation.[14]   Hirsch's response failed to

---

[8]    Order Granting Expedited Certification of Judgment.

[9]    *See id.*

[10]    *See id.*

[11]    *See id.*

[12]    *See* Response to Jeffrey J. Weiss' Interrogatories in Aid of Judgment and Request for Production of Documents to Judgment Debtor David Hirsch ("Interrogatory and Request for Production Response"), attached hereto as Exhibit "F".

[13]    *See* Certified Copy of the Verified Complaint, attached hereto as Exhibit "G".  Hirsch did not reveal this information in any of his discovery responses.

[14]    *See* Interrogatory and Request for Production Response.

identify his membership in AAFCAP, LLC or his interest in AAFCOR, LLC.[15] Furthermore, Interrogatory No. 3 requested that Hirsch provide details of all business conducted as a shareholder, partner, member, or proprietor of any business in the past five years.[16] Hirsch again failed to identify his membership in AAFCAP, LLC and AAFCOR, LLC.

     5.     In Weiss' post-judgment requests for production, Request No. 14, Weiss specifically requested "all corporate charters, partnership or joint venture agreements, or agreements covering any type of business agreement or venture" to which Hirsch was a party.[17]     Despite his membership in AAFCAP, LLC and AAFCOR, LLC, Hirsch responded by asserting that no documents existed.[18]     Request for Production No. 17 requested all documents evidencing sums, distributions, and incentives, compensation or bonus that Hirsch expected to receive for the next three years.[19]     Hirsch stated "none" despite his position as a Plaintiff in a lawsuit in New York.[20]

     6.     On July 26, 2007 Weiss filed an Expedited Application for Post Judgment Turnover Relief in the Texas District Court. In that Application, Weiss requested, among other things, that Hirsch turnover to the registry of the Texas District Court of the proceeds of any judgment rendered in *AAFCAP, LLC v. Champlain*.[21]     As part of the turnover proceeding Weiss also requested that Hirsch be enjoined from transferring or assigning any

---

[15]     *See id.*

[16]     *See id.*

[17]     *See id.*

[18]     *See id.*

[19]     Interrogatory and Request for Production Response.

[20]     *See id.*

[21]     *See* supra note 13.

4

claims or rights he has asserted in *AAFCAP, LLC v. Champlain* or any rights or claims he has in the AAFCAP, LLC entity.[22]

---

[22]    The District Court for the District of Colorado has enjoined Hirsch from selling, transferring, conveying, encumbering, pledging or in any other manner dissipating any assets or financial resources other than is reasonably necessary. *See* Order Motion to Stay Enforcement of Judgment Pending Appeal, at 3. Plaintiff in this cause also seeks injunction with respect to the Charge Order but wishes to make the Court aware of the other proceedings. No applications for charging orders have been filed in any other court by Weiss.

## II.

### ARGUMENT AND AUTHORITIES

7.      With respect to a judgment debtor's interest in a limited liability company, section 18-703 of the Delaware Limited Liability Company Act ("DLLCA") provides in pertinent part that:

> "On application by a judgment creditor of a member or of a member's assignee, a court having jurisdiction may charge the limited liability company interest of the judgment debtor to satisfy the judgment.  To the extent so charged, the judgment creditor has only the right to receive any distribution or distributions to which the judgment debtor would otherwise have been entitled in respect of such limited liability company interest."[23]

8.      The relief afforded by DLLCA is available to Weiss because the Federal Rules of Civil Procedure provide that "[t]he procedure on execution, in proceedings supplementary to and in aid of judgment, and in proceedings on and in aid of execution, shall be in accordance with the practice and procedure of the state in which the district court is held, existing at the time the remedy is sought . . ."[24]

9.      Pursuant to Delaware law, the entry of a charge order is the exclusive remedy by which a judgment creditor of a member of a limited liability company may attempt to satisfy all or a part of a judgment out of the judgment debtor's limited liability company interest.[25]  Moreover, a charging order constitutes a lien on that interest.[26]

---

[23]      6 DEL. C. §18-703(a).

[24]      FED. R. CIV. P. 69(a).

[25]      6 DEL. C. §18-703(d).

[26]      *Id.*, §18-803(b).

6

## A.   AAFCAP, LLC.

10.   Hirsch owns a membership interest in a limited liability company that is subject to service of process within the State of Delaware - AAFCAP, LLC. AAFCAP, LLC is a Delaware limited liability company which may be served through its registered agent, The Company Corporation, 2711 Centerville Road, Suite 400, Wilmington, DE 19808. Hirsch's membership in AAFCAP, LLC is evidenced by a May 15, 2006 Verified Complaint that was filed in the Supreme Court of the State of New York, County of Nassau, on behalf of AAFCAP, LLC, Donna Marie Zerbo, Thomas M. Kane and David Hirsch, in the lawsuit entitled *AAFCAP, LLC, Donna Marie Zerbo, Thomas M. Kane and David Hirsch v. Champlain Enterprises, Inc., Anthony Altamura, Hahn & Hessen, LLP, Laurus Capital Management, LLC, Eugene Grin, David Grin, and Greg Zilberstein* ("*AAFCAP v. Champlain*").[27] The Verified Complaint specifically asserts that "plaintiff David Hirsch was and is a 'member' of plaintiff AAFCAP".[28] Accordingly, until the Judgment is satisfied, Weiss is entitled to receive any and all present and future AAFCAP, LLC distributions, credits, reimbursements, draws or payments to which Hirsch is otherwise entitled.

11.   Weiss also requests injunctive relief preventing Hirsch and AAFCAP, LLC from transferring, diluting, selling, encumbering, pledging, conveying or otherwise dissipating Hirsch's interest in AAFCAP, LLC without further order of the Court. Such relief is appropriate not only with respect to §18-703 but is also consistent with the Colorado District Court's standing Order specifically prohibiting Hirsch from selling,

---

[27]   *See* Certified copy of the Verified Complaint.

[28]   *Id.*, ¶8.

7

transferring, conveying, encumbering, pledging or dissipating any assets or financial resources.[29]  It is also appropriate in light of the Colorado District Court's concern that Hirsch might transfer or conceal assets as well as Hirsch's attempt to conceal such assets in his discovery responses to Weiss in the Texas proceeding.  Plaintiff requests that this Court grant the injunction without prior notice to Hirsch.

### B.    AAFCOR, LLC.

12.    Upon information and belief, Hirsch also owns a membership interest in another limited liability company that is subject to service of process within the State of Delaware - AAFCOR, LLC.  AAFCOR, LLC is a Delaware limited liability company which may be served through its registered agent, Delaware Business Incorporators, Inc., 3422 Old Capitol Trail, Suite 700, Wilmington, DE 19808. Although Hirsch's interests in AAFCOR, LLC were not disclosed in his Texas discovery responses, on July 13, 2007 AAFCOR, LLC served its Motion to Convert or to Appoint Trustee in a case filed in the United States Bankruptcy Court for the Northern District of Alabama, Northern Division, Bankruptcy Case No. 07-81534-JAC11.[30]  AAFCOR, LLC's Motion specifically affirmed that Hirsch is a principal of AAFCOR.[31]  Accordingly, until the Judgment is satisfied, Weiss is entitled to receive the present and future AAFCOR, LLC distributions, credits, reimbursements, draws and payments to which Hirsch is otherwise entitled.

13.    Weiss also requests injunctive relief against Hirsch and AAFCOR, LLC, preventing them from transferring, diluting, selling, encumbering, pledging, conveying or

---

[29]    *See* Order on Motion to Stay Enforcement of Judgment Pending Appeal, at page 3.

[30]    *See* Motion to Convert or Appoint Trustee, attached hereto as Exhibit "H".

[31]    *Id.*, ¶9.

8

otherwise dissipating Hirsch's interest in AAFCOR LLC until further order of the Court. As previously stated, such relief is appropriate both with respect to §18-703 and is consistent with the District Court for the District of Colorado's Order prohibiting Hirsch from selling, transferring, conveying, encumbering, pledging or dissipating any assets or financial resources.[32]  It is also appropriate in light of the District Court of Colorado's concern that Hirsch might transfer or conceal assets as well as Hirsch's attempt to conceal such assets in his discovery responses to Weiss in the Texas proceeding.  Plaintiff requests that this Court grant the injunction without prior notice to Hirsch.

WHEREFORE, Jeffrey J. Weiss requests that the Court issue an order or orders granting the following relief:

(a)     a temporary injunction, without prior notice, restraining the transfer, dilution, sale, encumbrance, pledge, conveyance or otherwise dissipation of the Hirsch's interest in AAFCAP, LLC and AAFCOR, LLC, until further Court order;

(b)     requiring Hirsch, AAFCAP, LLC and AAFCOR, LLC to show cause why a charging order should not issue as to Hirsch's interest in AAFCAP, LLC and AAFCOR, LLC, and providing for the service of such order on Hirsch, AAFCAP, LLC and AAFCOR, LLC by first class and certified mail;[33]

(c)     directing AAFCAP, LLC to pay to the court registry any and all present and future distributions, reimbursements, credits, draws, or payments due to the defendant Hirsch until the Judgment is satisfied in full;

(d)     directing AAFCOR, LLC to pay to the Court registry any and all present and future distributions, reimbursements, credits, draws, or payments due to the defendant Hirsch until the Judgment is satisfied in full;

---

[32]     *See* Order on Motion to Stay Enforcement of Judgment Pending Appeal, at page 3.

[33]     Defendant Hirsch resides at 11193 La Cantera Trail, Frisco, TX 75034.

9

(e)     distributing amounts deposited in the Court registry, pursuant to (c) and (d) above, to Weiss to satisfy the Judgment, plus additional reasonable costs and attorney's fees that Weiss has been awarded in this case or any other post-judgment related proceeding, and after any and all obligations in connection with the Judgment are fully satisfied, that any surplus in the registry be paid to Hirsch;

(f)     If necessary, scheduling a hearing and entertain any additional evidence necessary regarding this Application;

(g)     requiring that AAFCAP, LLC and AAFCOR, LLC, within 30 days from the date of this Court's charging order, file with this Court, at Hirsch's expense, respective written accountings of Hirsch's interest in those entities;

(h)     directing that any order of this Court shall be enforced through contempt proceedings or any other appropriate means in the event the defendant or third party should refuse to comply with the order or in the event the defendant or third party disobeys the Court's orders; and

(i)     providing for such further and additional relief to which Weiss is entitled.

Dated: July 24, 2007                         Respectfully submitted,

                                             STEVENS & LEE, P.C.


                                             John D. Demmy (Del. Bar No. 2802)
                                             1105 N. Market Street, 7th Floor
                                             Wilmington, DE 19801
                                             Telephone: (302) 425-3308
                                             Facsimile: (610) 371-8515
                                             Email: jdd@stevenslee.com

                                             ATTORNEYS FOR JEFFREY J. WEISS,
                                             PLAINTIFF AND JUDGMENT CREDITOR

10

AO451 (Rev. 12/93) Certification of Judgment

# United States District Court

### DISTRICT OF COLORADO

Patricia Tarasiewicz,
   **Plaintiff,**

V.

Jeffrey J. Weiss, and Vernal Properties, LLC,
   **Defendants and Third-Party Plaintiffs,**

V.

David Hirsch,
   **Third Party Defendant.**

### CERTIFICATION OF JUDGMENT
### FOR REGISTRATION IN
### ANOTHER DISTRICT

CASE NUMBER: 05-cv-01834 MEH-PAC

I, _____Gregory C. Langham_____ CLERK of the United States District Court certify that the attached

judgment is a true and correct copy of the original Amended judgment entered in this action on ___2/20/07___ , as
                                                                                                      (Date)

it appears in the records of this court, and that

**an Order entered on April 11, 2007 was issued expediting the issuance of this certificate.

**IN TESTIMONY WHEREOF,** I sign my name and affix the seal of the Court.

_____July 25, 2007_____
      (Date)

_____Gregory C. Langham_____
      (Clerk)

(By) Deputy Clerk

** Insert the appropriate language:......."no notice of appeal from the judgment has been filed, and no motion of any kind is listed in Rule 4(a) of the Federal Rules of Appellate Procedure has been filed.".......no notice of appeal from this judgment has been filed, and any motion of the kind listed in Rule 4(a) of the Federal Rules of Appellate Procedure (†) have been disposed of, the latest order disposing of such a motion having been entered on [Date].".......an appeal was taken from this judgment and the judgment was affirmed by mandate of the Court of Appeals issued on [Date].".......an appeal was taken from this judgment and the appeal was dismissed by order entered on [Date]."

(† Note: The motions listed in Rule 4(a), Federal Rules of Appeal Procedure are motions: for judgment notwithstanding the verdict; to amend or make additional findings of fact; to alter or amend the judgment; for a new trial; and for an extension of time for filing a notice of appeal.)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.    05-cv-01834-MEH-PAC

PATRICIA TARASIEWICZ,

        Plaintiff;

vs.

JEFFREY J. WEISS and
VERNAL PROPERTIES, LLC; a Colorado limited liability company;

        Defendants and Third-Party Plaintiffs;

vs.

DAVID HIRSCH,

        Third-Party Defendant.

I, the undersigned, Clerk of the
United States District Court for the
District of Colorado, do certify that
the foregoing is a true copy of an
original document remaining on file
and record in my office.
WITNESS my hand and SEAL of said
Court this 25 day of July 2007
GREGORY C. LANGHAM
By _____
                    Deputy

---

## **AMENDED** JUDGMENT

---

PURSUANT to and in accordance with the Order entered by the Honorable Michael

E. Hegarty, on February 7, 2007, it is

ORDERED that Jeffrey Weiss' Motion for Summary Judgment on His Third Party

Claim (Doc. #91, filed 10/20/06) is GRANTED.  It is

FURTHER ORDERED that Third-Party Plaintiff Vernal's contribution claim is

dismissed.  It is

FURTHER ORDERED that judgment is entered in favor of the Third-Party Plaintiff,

Jeffrey J. Weiss, and against the Third-Party Defendant, David Hirsch, in the amount of

$104,673.74, plus **8% interest**, commencing September **26**, 2006.  It is

FURTHER ORDERED that the Third-Party Plaintiff, Jeffrey J. Weiss, shall have

costs upon the filing of a Bill of Costs with the Clerk of the Court within ten (10) days of

entry of this judgment.  It is

FURTHER ORDERED that this civil action and complaint are dismissed.

DATED at Denver, Colorado, this 20<u>th</u> day of February, 2007.

FOR THE COURT:

GREGORY C. LANGHAM, CLERK

s/Stephen P. Ehrlich

By_____

Stephen P. Ehrlich
Chief Deputy

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JEFFREY J. WEISS, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. _____ |
| | § | |
| DAVID HIRSCH, | § | |
| | § | |
| *Defendant.* | § | |

## DECLARATION OF KELLY FRANKLIN BAGNALL

I, Kelly Franklin Bagnall, declare:

1.     My name is Kelly Franklin Bagnall. I am a legal resident of Dallas County, Texas. I am over 18 years of age and have never been convicted of a felony. I am an attorney with Brown McCarroll, L.L.P. and legal counsel handling this matter for Jeffrey J. Weiss in Texas where an Amended Judgment has been recorded in the action styled *Weiss v. Hirsch*, No. 407MC16, in the United States District Court for the Eastern District of Texas. As such, I have personal knowledge of the facts stated herein and they are true and correct.

2.     Attached hereto as <u>Exhibit A</u> is a true and correct copy obtained from PACER of Judgment entered on February 9, 2007 in Civil Action No. 05-cv-01834-MEH-PAC, in the United States District Court for the District of Colorado.

3.     Attached hereto as <u>Exhibit B</u> is a true and correct copy obtained from PACER of Amended Judgment entered on February 20, 2007 in Civil Action No. 05-cv-01834-MEH-PAC, in the United States District Court for the District of Colorado.

4.      Attached hereto as Exhibit C is a true and correct copy obtained from PACER of Order on Motion to Stay Enforcement of Judgment Pending Appeal entered on March 29, 2007, in Civil Action No. 05-cv-01834-MEH-PAC, in the United States District Court for the District of Colorado.

5.      Attached hereto as Exhibit D is a true and correct copy obtained from PACER of Order Granting Expedited Certification of Judgment entered on April 11, 2007 Civil Action No. 05-cv-01834-MEH-PAC, in the United States District Court for the District of Colorado.

6.      Attached hereto as Exhibit E is a true and correct copy of the Certification of Judgment for Registration in Another District.

7.      Attached hereto as Exhibit F is a true and correct copy of David Hirsch's written Responses to Jeffrey J. Weiss' Interrogatories in Aid of Judgment and Request for Production of Documents to Judgment Debtor David Hirsch in Civil Action No. 407MC16, in The United States District Court for the Eastern District of Texas.  Exhibit F does not include the documents produced hy Hirsch.

8.      Attached Hereto as Exhibit G is a certified copy of the Verified Complaint filed on May 15, 2006 in Case styled *AAFCAP, LLC, et al. v. Champlain Enterprises, Inc., et al.*, in the Supreme Court of the State of New York, County of Nassau.

9.      Attached hereto as Exhibit H is a true and correct copy obtained from PACER of the Motion to Convert or to Appoint Trustee filed in July 13, 2007 in Case styled *In Re: Timothy D. Shelton, Debtor*, No. 07-81534-JAC11, in the United States Bankruptcy Court for the Northern District of Alabama, Northern Division.

---

**DECLARATION OF KELLY FRANKLIN BAGNALL**                                    **PAGE 2**

Executed on July 26, 2007.

Kelly Franklin Bagnall

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JEFFREY J. WEISS, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. _____ |
| | § | |
| DAVID HIRSCH, | § | |
| | § | |
| *Defendant.* | § | |

## CERTIFICATION PURSUANT TO RULE 65(b)(2) AND IN FURTHER SUPPORT OF PLAINTIFF'S APPLICATION FOR REGISTRATION OF FOREIGN JUDGMENT AND FOR ISSUANCE OF CHARGING ORDER

STATE OF TEXAS          )
                                    )
COUNTY OF DALLAS   )

BEFORE ME, the undersigned Notary Public on this day personally appeared Kelly Franklin Bagnall., who, after being by me duly sworn on her oath, deposed and said as follows:

1.      My name is Kelly Franklin Bagnall. I am a legal resident of Dallas County, Texas. I am over 18 years of age and have never been convicted of a felony. I am an attorney with Brown McCarroll, L.L.P. and legal counsel handling this matter for Jeffrey J. Weiss in Texas where an Amended Judgment has been recorded in the action styled *Weiss v. Hirsch*, No. 407MC16, in the United States District Court for the Eastern District of Texas. As such, I have personal knowledge of the facts stated herein and they are true and correct.

2.      Jeffrey J. Weiss's counsel has been attempting to recover sums owed by defendant David Hirsch to Mr. Weiss as a result of an Amended Judgment entered in Mr. Weiss' favor and against defendant Hirsch in the case styled *Tarasiewicz v. Weiss et. al.,* Civil Action

No. 05-cv-01834-MEH-PAC, in the United States District Court for the District of Colorado (hereinafter, "*Tarasiewicz v. Weiss*").

      3.      On April 20, 2007, Weiss registered the Amended Judgment in the United States District Court for the Eastern District of Texas (the "Texas District Court"). On May 1, 2007 an abstract of the Amended Judgment was filed and entered in the Texas District Court.

      4.      On May 2, 2007, in the Texas forum, Interrogatories in Aid of Judgment as well as Requests for Production were sent to defendant Hirsch. Thereafter Hirsch responded with certain documents and handwritten responses.

      5.      Interrogatory No. 15 specifically requested that Hirsch "list every lawsuit or court proceeding in which [he] had ever been a party, either individually or in a representative capacity . . .".[1] Hirsch's handwritten response to Interrogatory No. 15 failed to identify the fact that Hirsch was a plaintiff in a lawsuit in New York.[2] From Court records, it appears that the lawsuit was filed in the Supreme Court of the State of New York, County of Nassau, on behalf of AAFCAP, LLC, Donna Marie Zerbo, Thomas M. Kane and David Hirsch, and is entitled *AAFCAP, LLC, Donna Marie Zerbo, Thomas M. Kane and David Hirsch v. Champlain Enterprises, Inc., Anthony Altamura, Hahn & Hessen, LLP, Laurus Capital Management, LLC, Eugene Grin, David Grin, and Greg Zilberstein* ("*AAFCAP v. Champlain*").[3]

---

[1] *See* Response to Jeffrey J. Weiss' Interrogatories in Aid of Judgment and Request for Production of Documents to Judgment Debtor David Hirsch ("Interrogatory and Request for Production Response"), attached to Plaintiff's Application for Registration of Foreign Judgment and for Issuance of Charging Order as Exhibit "F".
[2] *See* Certified Copy of the Verified Complaint, attached to Plaintiff's Application for Registration of Foreign Judgment and for Issuance of Charging Order as Exhibit "G".
[3] *See* id.

---

6.      Similarly, Interrogatory No. 10 required Hirsch to identify any interest Hirsch had in any company, firm, or corporation.[4] Hirsch's response failed to identify his membership in AAFCAP, LLC and his possible membership in AAFCOR, LLC.[5] The Verified Complaint in *AAFCAP v. Champlain* identified Hirsch as a member of AAFCAP, LLC.[6] On July 13, 2007 AAFCOR, LLC served a Motion to Convert or to Appoint Trustee in a case filed in the United States Bankruptcy Court for the Northern District of Alabama, Northern Division, Bankruptcy Case No. 07-81534-JAC11.[7] AAFCOR, LLC's Motion specifically affirmed that Hirsch is a principal of AAFCOR.[8]

7.      Interrogatory No. 3 requested that Hirsch provide details of all business conducted as a shareholder, partner, member, or proprietor in the past five years.[9] Hirsch did not mention AAFCAP, LLC or AAFCOR, LLC.

8.      In Request for Production No. 14, of the Requests for Production, Hirsch was specifically requested to provide "all corporate charters, partnership or joint venture agreements, or agreements covering any other type of business agreement or venture" to which Hirsch was a party.[10] Hirsch responded by asserting that no documents existed.[11]

---

[4] *See* Interrogatory and Request for Production Response.

[5] *See id.*

[6] *See* Certified Copy of the Verified Complaint, attached to Plaintiff's Application for Registration of Foreign Judgment and for Issuance of Charging Order as Exhibit "G".

[7] *See* Motion to Convert or Appoint Trustee, attached to Plaintiff's Application for Registration of Foreign Judgment and for Issuance of Charging Order, as Exhibit "H"

[8] *See id.*

[9] *See id.*

[10] *See id.*

[11] *See id.*

---

**CERTIFICATION PURSUANT TO RULE 65(b)(2) AND IN FURTHER SUPPORT OF PLAINTIFF'S APPLICATION FOR REGISTRATION OF FOREIGN JUDGMENT AND FOR ISSUANCE OF CHARGING ORDER**                      PAGE 3
3984096.1
55355.1

9.    Request for Production No. 17 requested all documents evidencing sums, distributions, and incentives, compensation or bonus that Hirsch expected to receive for the next three years.[12] Hirsch stated "none".[13]

10.    Hirsch's responses to post-judgment discovery in this lawsuit never identified his membership in AAFCAP, LLC, never identified that he was a plaintiff in *AAFCAP v. Champlain,* and never fully identified his interest in AAFCOR, LLC.

11.    I have recently been informed by counsel for one of the defendants in the *AAFCAP v. Champlain* that a potential settlement of the claims in the lawsuit has been discussed.

12.    In his post-judgment deposition taken on July 27, 2007, which I conducted, Hirsch claimed that he had no interest in the *AAFCAP v. Champlain* lawsuit, contrary to the pleading.

13.    I certify on behalf of Plaintiff and request, that in light of the aforementioned facts, notice to defendant Hirsch should not be required nor have efforts been made to provide defendant Hirsch with notice of the relief currently requested. The aforementioned facts describe Hirsch's action and inaction, and good cause exists to believe that "assets might be transferred or concealed"[14] by defendant Hirsch, and form the basis for the concern that assets may be placed out of the reach of the judgment creditor Weiss if the defendant is given advance notice of the relief sought.

---

[12] Interrogatory and Request for Production Response.
[13] *See id.*
[14] *See* Colorado district Court Order Granting Expedited Certification of Judgment, attached to Plaintiff's Expedited Motion for Post Judgment Turnover Relief as Exhibit "D".

---

FURTHER AFFIANT SAYETH NOT.

Kelly Franklin Bagnall

SWORN TO AND SUBSCRIBED before me on the 27 day of July, 2007.

FRANCES E. STOWE
Notary Public, State of Texas
My Commission Expires
JUNE 23, 2010

Notary Public, State of Texas

---

**CERTIFICATION PURSUANT TO RULE 65(b)(2) AND IN FURTHER SUPPORT
OF PLAINTIFF'S APPLICATION FOR REGISTRATION OF FOREIGN JUDGMENT
AND FOR ISSUANCE OF CHARGING ORDER**                    **PAGE 5**

3984096.1
55355.1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.     05-cv-01834-MEH-PAC

PATRICIA TARASIEWICZ,

        Plaintiff;

vs.

JEFFREY J. WEISS and
VERNAL PROPERTIES, LLC; a Colorado limited liability company;

        Defendants and Third-Party Plaintiffs;

vs.

DAVID HIRSCH,

        Third-Party Defendant.

---

## JUDGMENT

PURSUANT to and in accordance with the Order entered by the Honorable Michael

E. Hegarty, on February 7, 2007, it is

ORDERED that Jeffrey Weiss' Motion for Summary Judgment on His Third Party

Claim (Doc. #91, filed 10/20/06) is GRANTED. It is

FURTHER ORDERED that Third-Party Plaintiff Vernal's contribution claim is

dismissed. It is

FURTHER ORDERED that judgment is entered in favor of the Third-Party Plaintiff,

Jeffrey J. Weiss, and against the Third-Party Defendant, David Hirsch, in the amount of

$104,673.74, plus 20% simple annual interest, commencing September 27, 2006. It is


EXHIBIT
A

FURTHER ORDERED that the Third-Party Plaintiff, Jeffrey J. Weiss, shall have

costs upon the filing of a Bill of Costs with the Clerk of the Court within ten (10) days of

entry of this judgment. It is

FURTHER ORDERED that this civil action and complaint are dismissed.

DATED at Denver, Colorado, this __9th___ day of February, 2007.

FOR THE COURT:

GREGORY C. LANGHAM, CLERK


By_s/Charlotte Hoard_ _____ _____
Charlotte Hoard
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-01834-MEH-PAC

PATRICIA TARASIEWICZ,

Plaintiff;

vs.

JEFFREY J. WEISS and
VERNAL PROPERTIES, LLC; a Colorado limited liability company;

Defendants and Third-Party Plaintiffs;

vs.

DAVID HIRSCH,

Third-Party Defendant.

---

<u>AMENDED</u> JUDGMENT

---

PURSUANT to and in accordance with the Order entered by the Honorable Michael E. Hegarty, on February 7, 2007, it is

ORDERED that Jeffrey Weiss' Motion for Summary Judgment on His Third Party Claim (Doc. #91, filed 10/20/06) is GRANTED. It is

FURTHER ORDERED that Third-Party Plaintiff Vernal's contribution claim is dismissed. It is

FURTHER ORDERED that judgment is entered in favor of the Third-Party Plaintiff, Jeffrey J. Weiss, and against the Third-Party Defendant, David Hirsch, in the amount of $104,673.74, plus <u>8%</u> <u>interest</u>, commencing September <u>26</u>, 2006. It is

EXHIBIT
B

FURTHER ORDERED that the Third-Party Plaintiff, Jeffrey J. Weiss, shall have costs upon the filing of a Bill of Costs with the Clerk of the Court within ten (10) days of entry of this judgment. It is

FURTHER ORDERED that this civil action and complaint are dismissed.

DATED at Denver, Colorado, this 20th day of February, 2007.

FOR THE COURT:

GREGORY C. LANGHAM, CLERK

s/Stephen P. Ehrlich

By _____
   Stephen P. Ehrlich
   Chief Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-01834-MEH-PAC

PATRICIA TARASIEWICZ,

    Plaintiff,

vs.

JEFFREY J. WEISS and
VERNAL PROPERTIES, LLC, a Colorado limited liability company,

    Defendants and Third-Party Plaintiffs,

vs.

DAVID HIRSCH,

    Third-Party Defendant.

## ORDER ON MOTION TO STAY
## ENFORCEMENT OF JUDGMENT PENDING APPEAL

The Court has granted summary judgment for Third-Party Plaintiff Weiss ("Weiss") and

against Third-Party Defendant Hirsch ("Hirsch"). Hirsch seeks a stay of the Court's judgment,

pending his appeal to the Tenth Circuit (Docket #138). He seeks this stay without the requirement

of submitting a supersedeas bond, based on his financial inability to secure such a bond (the judgment

being in the amount of $104,673.74, plus 8% interest from September 26, 2006).

Relying upon the very precedent submitted by Hirsch, this Court should normally require a

supersedeas bond in the full amount of the judgment. *Miami Int'l Realty Co. v. Paynter*, 807 F.2d

871, 873 (10th Cir. 1986) (a supersedeas bond is meant to "secure an appellee from loss resulting from

the stay of execution and . . . a full supersedeas bond should be the requirement in normal



circumstances."). However, this Court also has discretion in setting a different amount for a supersedeas bond, or, if unusual circumstances dictate, requiring no bond at all (typically when the judgment debtor's assets are clearly sufficient to cover the judgment in the event an appeal is unsuccessful). *Id.* (citations omitted). It is clear from the Tenth Circuit's opinion that this Court should balance the judgment creditor's right to satisfaction of his judgment against the interest in not driving the judgment debtor to insolvency, and if necessary, the Court may grant a supersedeas bond in an amount less than the full judgment.

Here, despite the burden of proof being upon him, Hirsch has provided no objective evidence that posting a bond in the full amount of the judgment is impracticable; he merely makes the conclusory statement in a declaration that he "does not have sufficient assets to post a supersedeas bond equal to the full amount of the judgment." (Docket #138-2). The Court is conscious of the need to balance the competing interests of the parties, but without more objective information from Hirsch, there is no basis for ruling completely in his favor and ordering that no supersedeas bond be paid. In reality, the evidence submitted by Hirsch provides only the narrowest of bases for a determination that a reduced bond be paid. Accordingly, as a measuring stick in this instance, I look to the *Paynter* case. There, the court required a bond in the amount of $500,000 on a $2.1 million judgment. Here, given the significantly lesser amount of the judgment, a higher percentage is clearly warranted.

Therefore, the Court will stay the execution of the judgment in this case conditioned upon Hirsch's compliance with the following conditions:

1. Hirsch shall post a supersedeas bond with the Clerk of the Court in the amount of 50% of the judgment, plus interest, on or before April 6, 2007;

2. Hirsch shall submit to reasonable post-judgment discovery pursuant to Fed. R. Civ. P. 69. If the discovery demonstrates that Hirsch is in a financial position to pay a

2

higher bond, the supersedeas bond will be increased accordingly, upon motion made by Weiss;

3.    During the pendency of the appeal in this case, Hirsch shall not sell, transfer, convey, encumber, pledge or in any other manner dissipate any assets or financial resources other than is reasonably necessary for purposes of providing for his cost of living and engaging in his employment.

Accordingly, based upon the foregoing and the entire record herein, it is ORDERED that the

Motion to Stay Enforcement of Judgment Pending Appeal [Filed March 15, 2007; Docket #138] is

**conditionally granted**, based upon Mr. Hirsch's compliance with the above noted conditions, and

enforcement of the Judgment in this action is STAYED pending appeal.

It is further ORDERED that if Hirsch does not post the supersedeas bond on or before April

9, 2007, and comply with the other conditions noted above, the stay of this matter will automatically

be dissolved with no further action by any party.

Finally, it is ORDERED that should Hirsch post the supersedeas bond as set forth above, the

parties shall contact my Chambers at (303) 844-4507 to schedule a teleconference on my calendar

at which a post-judgment discovery schedule will be set.

Dated at Denver, Colorado, this 29th day of March, 2007.

BY THE COURT:

s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge

3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-01834-MEH-PAC

PATRICIA TARASIESICZ,

    Plaintiff,

v.

JEFFREY J. WEISS, and
VERNAL PROPERTIES, LLC,

    Defendants and Third-Party Plaintiffs,

v.

DAVID HIRSCH,

    Third-Party Defendant.

## ORDER GRANTING EXPEDITED CERTIFICATION OF JUDGMENT

### Entered by Michael E. Hegarty, United States Magistrate Judge.

Third-Party Plaintiff Jeffrey J. Weiss ("Weiss") has re-filed his motion for this Court to

enter an order that the issuance of a certificate of judgment be expedited and issued, so that Weiss

may register his judgment from this case in another Federal District Court (Docket #151). Local

Rule 7.1C provides that a judicial officer may rule on a motion at any time after it is filed.

D.C.COLO.LCivR 7.1C. Because the relief requested by Weiss is proper, and the issue was

previously brief by the parties, the Court declines to await further briefing with regard to this

motion.



Pursuant to 28 U.S.C. § 1963, Weiss is allowed to register the judgment in this action in any other district "when the judgment has become final by appeal or expiration of the time for appeal or when ordered by the court that entered the judgment for good cause shown." Notable in this regard is the fact that Third-Party Defendant David Hirsch ("Hirsch") had timely filed a Motion to Alter or Amend Judgment. However, that motion has been denied and the Amended Judgment issued against Hirsch remains as entered. Also notable is the fact that this matter is on appeal to the Court of Appeals for the Tenth Circuit. Notwithstanding the appeal, Weiss is not precluded from obtaining certification for registration in another district during the pendency of the appeal. Under Fed.R.Civ.P. 62 and Fed.R.App.P. 8, judgments of the United States District Courts are immediately enforceable notwithstanding an appeal unless they have been stayed by order of the court or by the filing of a supersedeas bond. Although allowed the opportunity to stay this matter by the filing of a supersedeas bond, *see* ORDER ON MOTION TO STAY ENFORCEMENT OF JUDGMENT PENDING APPEAL, Docket #149, Third-Party Defendant Hirsch ("Hirsch") did not do so, nor has he requested and extension of time in which to do so.

Additionally, Weiss has demonstrated the good cause required for the certification he requests, based upon the fact that Hirsch has no assets in Colorado, but as a resident of the State of Texas, may have assets in other states. *See Chicago Downs Ass'n, Inc. v. Chase*, 944 F.2d 366, 371-72 (7th Cir. 1991). Therefore, a concern that these assets may be transferred or concealed during the pendency of the appeal also demonstrates good cause. *Id.*

Accordingly, based upon the foregoing and the entire record herein, it is hereby ORDERED that Weiss' Re-Filed Motion to Expedite Issuance of Certificate of Judgment for Registration in Another District [Filed April 9, 2007; Docket #151] is **granted**. It is further

-2-

ORDERED that issuance of a certificate of judgment for the Amended Judgment entered in this matter on February 20, 2007, in favor of Weiss and against Hirsch, shall be expedited. Finally, it is ORDERED that said certificate shall be issued by the office of the Clerk within ten (10) days of the date of this Order.

Dated at Denver, Colorado, this 11th day of April, 2007.

BY THE COURT:

s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge

AO451 (Rev. 12/93) Certification of Judgment

**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

## United States District Court

### DISTRICT OF COLORADO

**COPY**

APR 2 0 2007

J. MALAND, CLERK

BY
DEPUTY

---

Patricia Tarasiesicz,
   **Plaintiff,**

     **V.**

Jeffrey J. Weiss, and Vernal Properties, LLC,
   **Defendants and Third-Party Plaintiffs,**

v.

David Hirsch,
   **Third-Party Defendant.**

**CERTIFICATION OF JUDGMENT
FOR REGISTRATION IN
ANOTHER DISTRICT**

CASE NUMBER: 05-cv-01834-MEH-PAC

I,   Gregory C. Langham,     CLERK of the United States District Court certify that the attached

judgment is a true and correct copy of the original Amended judgment entered in this action on     2/20/07  , as
                                                                      (Date)

it appears in the records of this court, and that

** an Order entered on April 11, 2007 was issued expediting this issuance of this certificate.

---

**IN TESTIMONY WHEREOF,** I sign my name and affix the seal of the Court.

April 11, 2007
    (Date)

Gregory C. Langham
    (Clerk)

(By) Deputy Clerk

**EXHIBIT**
*E*

---

** Insert the appropriate language:......."no notice of appeal from the judgment has been filed, and no motion of any kind is listed in Rule 4(a) of the Federal Rules of Appellate Procedure has been filed.".........."no notice of appeal from this judgment has been filed, and any motion of the kind listed in Rule 4(a) of the Federal Rules of Appellate Procedure (†) have been disposed of, the latest order disposing of such a motion having been entered on [Date].".......""an appeal was taken from this judgment and the judgment was affirmed by mandate of the Court of Appeals issued on [Date].".......""an appeal was taken from this judgment and the appeal was dismissed by order entered on [Date]."

(† Note: The motions listed in Rule 4(a), Federal Rules of Appeal Procedure are motions: for judgment notwithstanding the verdict; to amend or make additional findings of fact; to alter or amend the judgment; for a new trial; and for an extension of time for filing a notice of appeal.)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.    05-cv-01834-MEH-PAC

PATRICIA TARASIEWICZ,

        Plaintiff;

vs.

JEFFREY J. WEISS and
VERNAL PROPERTIES, LLC; a Colorado limited liability company;

        Defendants and Third-Party Plaintiffs;

vs.

DAVID HIRSCH,

        Third-Party Defendant.

---

## **AMENDED** JUDGMENT

---

PURSUANT to and in accordance with the Order entered by the Honorable Michael

E. Hegarty, on February 7, 2007, it is

ORDERED that Jeffrey Weiss' Motion for Summary Judgment on His Third Party

Claim (Doc. #91, filed 10/20/06) is GRANTED. It is

FURTHER ORDERED that Third-Party Plaintiff Vernal's contribution claim is

dismissed. It is

FURTHER ORDERED that judgment is entered in favor of the Third-Party Plaintiff,

Jeffrey J. Weiss, and against the Third-Party Defendant, David Hirsch, in the amount of

$104,673.74, plus **8% interest**, commencing September **26**, 2006. It is

FURTHER ORDERED that the Third-Party Plaintiff, Jeffrey J. Weiss, shall have

costs upon the filing of a Bill of Costs with the Clerk of the Court within ten (10) days of

entry of this judgment.  It is

FURTHER ORDERED that this civil action and complaint are dismissed.

DATED at Denver, Colorado, this 20th day of February, 2007.

FOR THE COURT:

GREGORY C. LANGHAM, CLERK

s/Stephen P. Ehrlich

By_____
   Stephen P. Ehrlich
   Chief Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| JEFFREY J. WEISS, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 407MC16 |
| | § | |
| DAVID HIRSCH, | § | |
| | § | |
| *Defendant.* | § | |

### JEFFREY J. WEISS' INTERROGATORIES IN AID OF JUDGMENT AND
### REQUEST FOR PRODUCTION OF DOCUMENTS TO JUDGMENT DEBTOR DAVID HIRSCH

TO:    Defendant/Judgment Debtor, David Hirsch, 11193 La Cantera Trail, Frisco, Texas, 75034.

For the purpose of obtaining information to aid in the enforcement of the Amended Judgment in the above-styled and numbered cause, and pursuant to Rules 33 and 69(a) of the Federal Rules of Civil Procedure, Defendant and Judgment Debtor, David Hirsch, is required to answer separately, completely, and in detail, in writing under oath, all of the following Interrogatories. David Hirsch shall sign his name to the answers before a notary public, and deliver a completed, signed, and notarized copy of his answers to the undersigned within thirty (30) days after the date of service of these Interrogatories. Failure to answer the Interrogatories within the time prescribed may be considered contempt of court.



EXHIBIT
F

Respectfully submitted,

Kelly Franklin Bagnall
State Bar No. 07375800

**BROWN MCCARROLL, L.L.P.**
2000 Trammell Crow Center
2001 Ross Avenue
Dallas, Texas 75201
(214) 999-6100
(214) 999-6170 (fax)

ATTORNEYS FOR JEFFREY J. WEISS

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document was forwarded on this the 2nd day of May, 2007, to the following by the method indicated:

David Hirsch
11193 La Cantera Trail
Frisco, TX 75034
*(via Fed Ex, certified mail #7006 2760 0001 8845 0101& first class mail)*

With a courtesy copy to:
Bruce A. Danford
Danford Law Firm, LLC
11971 Quay Street
Broomfield, CO 80020
*(via facsimile #303-496-0566 & email BADanford@DanfordLawFirm.com)*

Kelly Franklin Bagnall

JEFFREY J. WEISS' INTERROGATORIES IN AID OF JUDGMENT AND
REQUEST FOR PRODUCTION OF DOCUMENTS TO JUDGMENT DEBTOR DAVID HIRSCH
AUS:3901386.2
53921.1

PAGE 2

## I.

### DEFINITIONS

A.     The word "person" means any individual, firm, partnership, corporation, association, or other business enterprise.

B.     The word "writing" includes, but is not limited to, books, records, letters, telegrams, notes, memoranda, diaries, worksheets, and other tangible things in which words, figures, notations, or sounds that are recorded in writing or by any other means from an such material underlying, supporting, or used in preparation thereof.

C.     As used herein, the term "you," "your," "David Hirsch," "Defendant" or "Debtor" means David Hirsch.

D.     The term "identify" when used with respect to a person means to give the person's full name, present address and/or last known mailing address, present telephone number and/or last known telephone number.

E.     Unless otherwise prescribed by the particular interrogatory and/or request, the time period responsive to each interrogatory and/or request is January 1, 2003 to the present.

## II.

### INSTRUCTIONS

A.     If all or part of the information furnished in answer to any part of an Interrogatory is not within the personal knowledge of the affiant, please identify the person to whom all or any part of the information furnished is a matter of personal knowledge and identify each person who communicated to the affiant any part of the information furnished.

B.     If any of the following Interrogatories cannot be answered in full, please answer to the fullest extent possible and state specifically all reasons for your inability to answer the

remainder, setting out whatever information or knowledge you have with respect to the unanswered portion. You have a duty to supplement your responses to these Interrogatories at such time as and if any additional information or response thereto is acquired by you prior to trial.

### III.

#### INTERROGATORIES

**Interrogatory No. 1:**    Identify all persons who have assisted you in the capacity of a tax preparer, CPA, bookkeeper and/or financial advisor for the last five (5) years.

**Answer:**    *LOUIS WEISS - (JEFF WEISS' BROTHER) HAS ALL (AND ONLY) FINANCIAL HISTORY FOR PAST 20 YEARS.*

**Interrogatory No. 2:**    Identify any assumed names or aliases used by you.

**Answer:**    *NONE*

**Interrogatory No. 3:**    If you have, within the past five (5) years, conducted any types of trade or businesses, either as a proprietor, limited partner, member or shareholder, please describe such business in detail, including but not limited to, the name and address of said business, the form of the business organization (i.e. partnership, corporation, limited liability company, sole proprietorship), the present value of your interest in each business, your percentage of the shares, stock or interest of each business and the name and address of each bank where the business(es) maintains any type of account.

**Answer:**    *1.) CONSULTING AGREEMENT WITH AAFCAR, A COMPANY OWNED BY DONNA ZERBO TO CONSULT WITH CLIENT CEI, INC. 2.) ST MARKS SCHOOL OF TEXAS 2000 - 2005 - ROWING COACH PAID ME $4,000/HR - 5 YEARS 3.) CONSULTING AGREEMENT WITH HIGH TECH PET - RETAINER + $400 EXPENSE PAID TO DATE*

**Interrogatory No. 4:**    If you are currently employed in any capacity, answer the following:

    a.   the name, address and telephone number of your current employer; and
        *AAFCOR - 11193 LA CANERA TRAIL, FRISCO, TX 75034*

    b.   the amount you are compensated per month on a straight salary basis, and, if applicable, the amount you are compensated on either a commission, incentive, hourly or project basis.

**Answer:**    *NONE*

**Interrogatory No. 5:**   If you have engaged in any part-time or contract employment in addition to your regular occupation within the past two (2) years, please state the name, address, and telephone number of each such employer.

**Answer:**   *ALL NOTED IN (3)(4) ABOVE*

**Interrogatory No. 6:**   If you or your spouse now maintain or claim any interest in or have title to any business or personal bank accounts, PayPal accounts, investment accounts, certificates of deposit, trust funds, retirement funds, profit sharing plans or other fund of money, for each such account, plan or fund, state the following:

    a.    the name of the bank or entity holding such account;

    b.    the name under which the account is held and the account number; and

    c.    the balance in the account, plan or fund as of the date of service of these interrogatories.

**Answer:**   *I AM NOT MARRIED - CHASE BANK, DALLAS, TX  DAVID HIRSCH ACCOUNT # 912 456 311 165 1194   ($32.00)*

**Interrogatory No. 7:**   If you, your spouse or any family member now residing with you have any money on deposit, either in a checking, savings, or other type of account in any name other than your own, please state, for each such account, the following:

    a.    the name under which the account is maintained;

    b.    the name of the bank where the account is located and the account number; and

    c.    the balance in the account as of the date of service of these interrogatories.

**Answer:**   *NOT APPLICABLE (N/A)*

**Interrogatory No. 8:**   Do you have access to any safe deposit box or other depository for securities, cash or other valuables, and if so, state the location of such depository and list the contents thereof.

**Answer:**   *NO*

**Interrogatory No. 9:**    Please list each vehicle in your (or your spouse's) possession, whether automobile, boat, motorcycle or any other four-, three- or two-wheeled vehicle in your possession, whether or not owned by you, and for each vehicle include the following:

    a.    make, model, and year of each vehicle;    *NONE*

    b.    noteholder or leaseholder for each vehicle, if any;    *N/A*

    c.    your or your spouse's percentage of ownership in each vehicle; and    *N/A*

    d.    if the vehicle is not owned by you, please state who owns that vehicle including their name, address and telephone number.    *N/A*

**Answer:**    *I BORROW A 1997 MAZDA AUTOMOBILE FROM (972) SUSAN DEHORSKY WHO LIVES AT 11193 LA CANTERA TRAIL 377 3314 FRISCO TX 75034*

**Interrogatory No. 10:**    If you or your spouse own, claim any interest in or have title to any promissory notes, liens, judgments, stocks, bonds or other securities of any class in any government or governmental organization, company, firm or corporation, state the serial number(s) and provide a complete description of each note, lien, judgment, bond share stock certificate or other such asset.

**Answer:**    *NOT CURRENT, WITHIN PAST 10 YEARS JUDGEMENT; 1976 C.F. RAMSEY $25,000 - LIVES IN PERU NOW*

**Interrogatory No. 11:**    State whether any money is presently owed to you or your spouse, and if it is, from whom and what amount is owed. Please include in your answer the name, address and telephone number of each person who presently owes you or your spouse any money.

**Answer:**    *NONE*

**Interrogatory No. 12:**    If you or your spouse own an interest in one or more of the following – boats, motorcycles, trucks, campers, trailers, machines, airplanes, or animals – for each item state the following:

    a.    the location of each such item; and

*A ROWING SHELL - CURRENT VALUE $2,000*

b.    the serial number and model number of each such item or provide a complete description of each item that does not have a serial number or model number.

**Answer:**    ROWING SHELL - HARRIS
— SEE ATTACHED

**Interrogatory No. 13:**    If you or your spouse now own or claim any interest in, have title to or possession of any personal property (including, but not limited to, household effects, furniture, tools, guns, objects of art, appliances, clothing and jewelry) that is worth more than $300.00 (retail value) and has not been described in a previous answer, for each item state:

a.    the complete description of the item including the year, make, model, serial number or other identification numbers;

b.    the complete address of its current location;

c.    the name of the person having title to or interest in the object and the nature of the interest; and

d.    its present estimated value.

**Answer:**    1) MISC, ART WORK - VALUE APPROX.  $2,000.00
2) FURNITURE PURCHASED - 1979 - 1984 - APPROX 1,000.00

**Interrogatory No. 14:**    If you have received or given any gifts (including, without limitation, monetary gifts) with a retail value of over $300.00 in the last three (3) years, identify the type of gift and the person who gave or received same.

**Answer:**    CHRIST CHURCH PLANO - CASH   $5,000 (TITHE)

**Interrogatory No. 15:**    Please list every lawsuit or court proceeding in which you or your spouse are or have been a party, either individually or in a representative capacity for any corporation, partnership or business, and for each lawsuit, please include the style of the lawsuit, including the county and district in which it is/was filed, the cause number of same, the attorney who represented you or your spouse in any capacity, and further whether that lawsuit is concluded or active and the results of said lawsuit with respect to you or your spouse (i.e., you or your spouse were dismissed, relief was granted, judgment was taken, etc.).

**Answer:**    PERSONAL - JUDGEMENT, 1985, SCOTT DUHLER, DENVER, CO
I DO NOT HAVE A COPY OF THIS JUDGEMENT

**David Hirsch**

## VERIFICATION

STATE OF TEXAS     §

                    §

COUNTY OF _____ §

      BEFORE ME, the undersigned authority, on this day personally appeared David Hirsch, who being by me duly sworn, on oath stated that the answers to the foregoing Interrogatories are true and correct.

                                     _____

                                     David Hirsch

      SUBSCRIBED AND SWORN TO BEFORE ME on this _____ day of _____, 2007, to evidence which witness my hand and seal.

                                     _____

                                     Notary Public in and for State of Texas

## IV.

### REQUEST FOR PRODUCTION

Pursuant to Rules 34 and 69(a) of the Federal Rules of Civil Procedure, Plaintiff requests

that David Hirsch produce to Plaintiff within thirty (30) days of your receipt of this request, at

the offices of Brown McCarroll, L.L.P., the following records:

**Request for Production No. 1:**     Produce each and every federal income tax return, together
with corresponding schedules, attachments and other related forms filed by you or by your
spouse, personally or by an agent on your behalf, for the last five (5) years.

**Response:**     *2002, 2003   INCLUDED*
*NOT FILED FOR   2004, 2005, 2006*

**Request for Production No. 2:**     Produce each and every federal income tax return or
extension, together with corresponding schedules, attachments and related forms for the last five
(5) years for any partnership, corporation or sole proprietorship in which you or your spouse
have or had any ownership interest.

**Response:**     *NONE*

**Request for Production No. 3:**     Produce a copy of any judgment and/or lien taken against
you or in your behalf in the last ten (10) years.

**Response:**     *SEE  P 7 # 15*

**Request for Production No. 4:**     Produce a copy of your marriage license(s), annulment
orders and any divorce decree(s) and property settlements.

**Response:**     *DIVORCED 1972 — NO  COPY IN MY FILE*

**Request for Production No. 5:**     Produce a copy of your social security card.

**Response:**     *CARD IS  LOST*

JEFFREY J. WEISS' INTERROGATORIES IN AID OF JUDGMENT AND
REQUEST FOR PRODUCTION OF DOCUMENTS TO JUDGMENT DEBTOR DAVID HIRSCH
AUS:3901386.2
53921.1

PAGE 9

**Request for Production No. 6:**    Produce a copy of your driver's license(s).

**Response:**    *SEE ATTACHED*

**Request for Production No. 7:**    Produce a copy of your passport, including all pages evidencing entries and departures.

**Response:**    *SEE ATTACHED*

**Request for Production No. 8:**    Produce any and all certificate of title for any property, vehicles, or other items described in response to Interrogatory Nos. 9 and 12.

**Response:**    *NONE*

**Request for Production No. 9:**    Produce copies of all promissory notes or other instruments evidencing monies owed to you or your spouse.

**Response:**    *NONE*

**Request for Production No. 10:**    Produce copies of all promissory notes or other instruments evidencing monies owed by you or your spouse.

**Response:**    *NONE*

**Request for Production No. 11:**    Produce all financial statements furnished by you or your spouse to anyone in the past five (5) years.

**Response:**    *ATTACHED*

**Request for Production No. 12:**    Produce copies of all life insurance policies covering you or your spouse, or on which you or your spouse are the beneficiary.

**Response:**    *NONE*

**Request for Production No. 13:**     Produce foreclosure documents on any of your or your spouse's property.

**Response:**     _NONE_

**Request for Production No. 14:**     Produce all corporate charters, partnership or joint venture agreements, or agreements covering any other type of business arrangement or venture to which you or your spouse have been a party in the last five (5) years.

**Response:**     _NONE_

**Request for Production No. 15:**     Produce all documents relating, evidencing, or used to respond to Interrogatories Nos. 1-15.

**Response:**     _ATTACHED_

**Request for Production No. 16:**     Produce your pay stubs, K-1's, payment stubs, 1099, W-2 or commission information and/or distribution for the previous twenty-four (24) months.

**Response:**     _SEE ATTACHED_
_+ SS @ # 1,232/MO_

**Request for Production No. 17:**     Produce any documents evidencing any sums, distributions, incentives, compensation or bonus' you expect to receive from any source for the next three (3) years.

**Response:**     _NONE_

**Request for Production No. 18:**     Produce any documents evidencing any sums, distributions, incentives, compensation or bonus' you expect to receive from any source for the next ten (10) years.

**Response:**     _N/A_

**Request for Production No. 19:**    Produce all documents related to any working relationship you have with any business or company and the terms and conditions of that relationship.

**Response:**    *SEE ENCLOSED*

**Request for Production No. 20:**    Produce all documents related to any interest you have, directly or indirectly, in any bottling and/or packaging company.

**Response:**    *NONE*

**Request for Production No. 21:**    Produce all emails and other communications between you and Donna Zerbo, or anyone employed or affiliated with her, in the last three (3) years.

**Response:**    *TOO EXPANSIVE — VAGUE, NEED SOME SPECIFICS*

**Request for Production No. 22:**    Produce all documents related to any interest you have, directly or indirectly, in any airline related company or business.

**Response:**    *NONE*

**Request for Production No. 23:**    Produce all documents related to any position you hold with Springfield Premium Natural Water, Inc., and the terms and conditions of that relationship.

**Response:**    *NONE*

**Request for Production No. 24:**    Produce all documents related to your involvement with Commute Air, and the terms and conditions of that relationship.

**Response:**    *NONE IN MY POSESSION (I DON'T BELIEVE THERE ARE ANY)*

**Request for Production No. 25:**    Produce copies of all wills under the terms of which you or your spouse are a beneficiary.

**Response:**    *NONE*

JEFFREY J. WEISS' INTERROGATORIES IN AID OF JUDGMENT AND
REQUEST FOR PRODUCTION OF DOCUMENTS TO JUDGMENT DEBTOR DAVID HIRSCH
AUS:3901386.2
53921.1

PAGE 12

**Request for Production No. 26:**   Produce copies of all documents which reflect an ownership interest by you or your spouse in any real property or any interest in oil, gas or mineral leases.

**Response:**         *NONE*

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU

-------------------------------------------------------------------------------

AAFCAP, LLC, DONNA MARIE ZERBO,
THOMAS M. KANE and DAVID HIRSCH,

                                    Plaintiffs,

                - against -

CHAMPLAIN ENTERPRISES, INC., JOHN A. SULLIVAN,
ANTHONY ALTAMURA, HAHN & HESSEN, LLP,
LAURUS CAPITAL MANAGEMENT, LLC.,
EUGENE GRIN, DAVID GRIN and
GREG ZILBERSTEIN,

                                    Defendants.

-------------------------------------------------------------------------------

Index No.:

Plaintiff designates NASSAU County
as the place of trial

The basis of the venue is:  Residence of
plaintiff THOMAS M. KANE.

**SUMMONS**

Plaintiff resides at:
19 Dolphin Green:
Port Washington, New York

To the above-named Defendants:

    **YOU ARE HEREBY SUMMONED** to answer the Complaint in this action and to serve a copy of your answer, or if the complaint is not served with this Summons, to serve a Notice of Appearance, on the plaintiff's attorney(s) within *20 days* after the service of this summons, exclusive of the day of service (or within *30 days* after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear, judgment will be taken against you by default for the relief demanded herein.

Dated:  East Norwich, New York
       May 15, 2006

Defendants' Address:

**CHAMPLAIN ENTERPRISES**
**d/b/a CommutAir**
518 Rugar Street, Plattsburgh, NY 12901

**JOHN SULLIVAN**
c/o Champlain Enterprises d/b/a CommutAir

**HAHN & HESSEN, LLP**
488 Madison Avenue, 14th Fl., New York, NY 10022

**ANTHONY ALTAMURA**
c/o Hahn & Hessen, LLP

**LAURUS CAPITAL MANAGEMENT, LLC.**
825 Third Avenue, 14th Fl., New York, NY 10022

**EUGENE GRIN**
c/o Laurus Capital Management, LLC.

**DAVID GRIN**
c/o Laurus Capital Management, LLC.

**GREG ZELBERSTEIN**
c/o Laurus Capital Management, LLC.

**LAW OFFICE OF VINCENT D. McNAMARA**

By:  *Donald MacKenzie*

    **DONALD N. MacKENZIE, ESQ.**
Attorneys for Plaintiffs, **AAFCAP, LLC,**
**DONNA MARIE ZERBO, THOMAS M. KANE**
**and DAVID HIRSCH**
Tower Square - 1045 Oyster Bay Road - Suite 1
East Norwich, New York 11732
516:   922-9100
*File No.: 798-3578*



EXHIBIT
**G**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU
-------------------------------------------------------------------------
AAFCAP, LLC, DONNA MARIE ZERBO,
THOMAS M. KANE and DAVID HIRSCH,

Index No.

Plaintiffs,

- against -

**VERIFIED
COMPLAINT**

CHAMPLAIN ENTERPRISES, INC., JOHN A. SULLIVAN,
ANTHONY ALTAMURA, HAHN & HESSEN, LLP,
LAURUS CAPITAL MANAGEMENT, LLC.,
EUGENE GRIN, DAVID GRIN, and
GREG ZILBERSTEIN,

Defendants.
-------------------------------------------------------------------------

Plaintiffs, **AAFCAP, LLC, DONNA MARIE ZERBO, THOMAS M. KANE and**

**DAVID HIRSCH**, by their attorneys, the LAW OFFICE OF VINCENT D. McNAMARA, as and

for their Verified Complaint, respectfully allege upon information and belief as follows:

## THE PARTIES

1.      At all times hereinafter mentioned, plaintiff AAFCAP, LLC was and still is a limited

liability company formed under and by virtue of the laws of the State of Delaware.

2.      Plaintiff AAFCAP, LLC ("AAFCAP") was and still is a limited liability company

formed under and by virtue of the laws of the State of Delaware and is authorized to do business in

the State of New York.

3.    At all times hereinafter mentioned, plaintiff DONNA MARIE ZERBO was and is an individual having a principal residence located at 10 Sentry Court, Basking Ridge, NJ 07920.

4.    At all times hereinafter mentioned, plaintiff DONNA MARIE ZERBO was and is a "member" of plaintiff AAFCAP.

5.    At all times hereinafter mentioned, plaintiff THOMAS M. KANE was and is an individual having a principal residence located at 19 Dolphin Green, Port Washington, New York 11050.

6.    At all times hereinafter mentioned, plaintiff THOMAS M. KANE was and is a "member" of plaintiff AAFCAP.

7.    At all times hereinafter mentioned, plaintiff DAVID HIRSCH was and is an individual having a principal residence located at 11193 LaCantera trail, Frisco, Texas, 75034.

8.    At all times hereinafter mentioned, plaintiff DAVID HIRSCH was and is a "member" of plaintiff AAFCAP.

9.    At all time hereinafter mentioned, defendant, CHAMPLAIN ENTERPRISES, INC. d/b/a COMMUT AIR, was and still is a corporation duly organized and existing under the laws of the State of New York.

10.    At all times hereinafter mentioned, defendant, JOHN A. SULLIVAN, was and is an individual having a residence at 236 Australian Avenue, Palm Beach, FL 33480.

11.    At all times hereinafter mentioned, defendant, JOHN A. SULLIVAN, was the Chairman and CEO of Champlain Enterprises, Inc.

12.     At all times hereinafter mentioned, defendant, JOHN A. SULLIVAN, was and is an individual having his principal place of business c/o Commut Air, 518 Rugar Street, Plattsburgh, NY 12901.

13.     At all times hereinafter mentioned, defendant, ANTHONY ALTAMURA, was and is an individual having his principal place of business at 488 Madison Avenue, New York, NY 10022.

14.     At all times hereinafter mentioned, defendant, ANTHONY ALTAMURA, was and is an attorney duly licensed to practice law before the Courts of the State of New York.

15.     At all times hereinafter mentioned, defendant, ANTHONY ALTAMURA, was and is a member of the law firm of HAHN & HESSEN LLP, which have a principal place of business at 488 Madison Avenue, New York, NY 10022.

16.     At all times hereinafter mentioned, defendant, ANTHONY ALTAMURA, acted as a member of the law firm of HAHN & HESSEN LLP.

17.     At all times hereinafter mentioned, defendant, ANTHONY ALTAMURA, acted as an agent of the law firm of HAHN & HESSEN LLP.

18.     At all times hereinafter mentioned, defendant, ANTHONY ALTAMURA, acted as an employee of the law firm of HAHN & HESSEN LLP.

19.     At all times hereinafter mentioned, defendant, HAHN & HESSEN LLP, was and is a limited liability partnership duly organized under the laws of the State of New York.

20.    At all times hereinafter mentioned, defendant, ANTHONY ALTAMURA, acted with the apparent authority of defendant, HAHN & HESSEN LLP.

21.    At all times hereinafter mentioned, defendant, ANTHONY ALTAMURA, acted with the implied authority of defendant, HAHN & HESSEN LLP.

22.    At all times hereinafter mentioned, defendant, ANTHONY ALTAMURA, acted with the express authority of defendant, HAHN & HESSEN LLP.

23.    At    all    times    hereinafter    mentioned,    defendant,    LAURUS    CAPITAL MANAGEMENT, LLC, was a foreign limited liability company duly organized and existing under the laws of the State of Delaware.

24.    At    all    times    hereinafter    mentioned,    defendant,    LAURUS    CAPITAL MANAGEMENT, LLC, was and is a foreign limited liability company authorized to do business in the State of New York.

25.    At    all    times    hereinafter    mentioned,    defendant,    LAURUS    CAPITAL MANAGEMENT, LLC, has a principal place of business at 825 Third Avenue, 14th Floor, New York, NY 10022.

26.    At all times hereinafter mentioned, defendant, EUGENE GRIN, is an individual with a principal place of business at 825 Third Avenue, 14th Floor, New York, NY 10022.

27.    At all times hereinafter mentioned, defendant, EUGENE GRIN, is a resident of the State of New York.

28.    At all times hereinafter mentioned, defendant, DAVID GRIN, is an individual with a principal place of business at 825 Third Avenue, 14th Floor, New York, NY 10022.

29.    At all times hereinafter mentioned, defendant, DAVID GRIN, is a resident of the State of New York.

30.    At all times hereinafter mentioned, defendant, GREG ZILBERSTEIN, is an individual with a principal place of business at 825 Third Avenue, 14th Floor, New York, NY 10022.

31.    At all times hereinafter mentioned, defendant, GREG ZILBERSTEIN, is a resident of the State of New York.

32.    At all times hereinafter mentioned, defendant, EUGENE GRIN,  was a principal and co-founder of defendant LAURUS CAPITAL MANAGEMENT, LLC.

33.    At all times hereinafter mentioned, defendant, DAVID GRIN, was a principal and co-founder of defendant LAURUS CAPITAL MANAGEMENT, LLC.

34.    At all times hereinafter mentioned, defendant, GREG ZILBERSTEIN, was an investment analyst of defendant LAURUS CAPITAL MANAGEMENT, LLC.

## FACTS COMMON TO ALL CAUSES OF ACTION

35.    That on or about the 15th day of March, 2005, plaintiff, AAFCAP, and defendant, CHAMPLAIN ENTERPRISES, INC. ("CEI") entered into a contract entitled "Consulting Agreement" (the "Agreement").

36.    The Agreement was signed and authorized by JOHN A. SULLIVAN ("SULLIVAN") on behalf of defendant CEI.

37.    The Agreement was signed and authorized by DONNA MARIE ZERBO ("ZERBO") on behalf of plaintiff AAFCAP.

38.    The Agreement stated, *inter alia,* that plaintiff AAFCAP has certain skills, expertise and experience in providing financial advisory services with respect to the acquisition, disposition, leasing, financing and/or other services with respect to aircraft and attendant facilities.

39.    The Agreement stated, *inter alia,* that the defendant CEI desired to retain plaintiff AAFCAP to provide financial advisory services with respect to the defendant CEI's aircraft fleet as it existed and in connection with its planned expansion and as otherwise described in the Agreement.

40.    Pursuant to the Agreement, defendant CEI engaged plaintiff AAFCAP to render services.

41.    Pursuant to the Agreement, plaintiff AAFCAP was to assist in locating financing sources to provide funding for working capital and other financing needs of defendant CEI and assist in obtaining permanent banking relationships.

42.    The term of the Agreement commenced on the date thereof and continued until terminated by either party on sixty (60) days written notice to the other party.

43.    That defendant CEI agreed to compensate plaintiff AAFCAP with an advance retainer (the "Retainer") in the amount of $20,000.00 per month beginning with the month of July 2005.

44.    That defendant CEI paid plaintiff AAFCAP with an advance retainer in the amount of $20,000.00 for the month of July 2005.

45.    That defendant CEI paid plaintiff AAFCAP with an advance retainer in the amount of $20,000.00 for the month of August 2005.

46.    That defendant CEI paid plaintiff AAFCAP with an advance retainer in the amount of $20,000.00 for the month of September 2005.

47.    That defendant CEI failed to pay plaintiff AAFCAP with an advance retainer in the amount of $20,000.00 for the month of October 2005.

48.    Additionally, the agreement provided that defendant CEI agreed to compensate plaintiff, AAFCAP as follows:  a one percent (1%) fee will be paid at closing for working capital funding arranged by plaintiff AAFCAP up to $12,000,000.00; two and one-half percent (2-1/2%) for funding in excess of $12,000,000.00, without regard to whether funding is in the form of a debt or equity.

49.    That at no time heretofore did defendant CEI or plaintiff AAFCAP terminate the Agreement pursuant to Paragraph 2 thereof.

50.    At all times hereinafter mentioned, plaintiff AAFCAP and defendant CEI had a business relationship.

51.    At all times hereinafter mentioned, plaintiff AAFCAP and defendant CEI had a contractual relationship.

52.    At all times hereinafter mentioned, plaintiff AAFCAP engaged the services of defendant ANTHONY ALTAMURA ("ALTAMURA") and defendant HAHN & HESSEN ("H&H") to represent them in certain transactions related to the Agreement.

53.    At all times hereinafter mentioned, plaintiff AAFCAP engaged ALTAMURA and H&H to represent them in transactions which fall within the Agreement.

54.    At all times hereinafter mentioned, plaintiff AAFCAP engaged ALTAMURA and H&H to represent them in pursuing their obligations under the Agreement with third-party financing sources to provide funding for working capital and other financial needs of CEI.

55.    At all times hereinafter mentioned, plaintiff AAFCAP had a fiduciary relationship with ALTAMURA.

56.    At all times hereinafter mentioned, defendants ALTAMURA and H&H prepared certain legal documents on behalf of plaintiff AAFCAP including, but not limited to, a lease agreement for transactions related to the Agreement.

57.    At all times hereinafter mentioned, plaintiff AAFCAP did not consent to ALTAMURA or H&H accepting employment on behalf of other entities involved in transactions related to the Agreement.

58.    At all times hereinafter mentioned, plaintiff AAFCAP did not consent to ALTAMURA or H&H accepting employment on behalf of LAURUS related to the Agreement.

59.    At all times hereinafter mentioned, defendant ALTAMURA and H&H did not fully disclose to plaintiff AAFCAP that he and H&H would represent different interests in this transaction.

60. At all times hereinafter mentioned, the professional judgment of defendant ALTAMURA on behalf of plaintiff AAFCAP was affected by the financial, business and property interests of defendants ALTAMURA and H&H.

61. At all times hereinafter mentioned, the professional judgment of defendant ALTAMURA was affected by the financial, business and property interests of defendants ALTAMURA and H&H.

62. At all times hereinafter mentioned, defendant ALTAMURA put the financial, business and/or property interests of himself and defendant H&H before that of the plaintiff AAFCAP.

63. At all times hereinafter mentioned, defendants ALTAMURA and H&H continued multiple employment which adversely affected the exercise of independent professional judgment on behalf of plaintiff AAFCAP.

64. At all times hereinafter mentioned, defendants ALTAMURA and H&H continued multiple employment which adversely affected the exercise of independent professional judgment.

65. At all times hereinafter mentioned, defendants ALTAMURA and H&H did not fully disclose the implications of simultaneous representation and the advantages and risks involved to plaintiff AAFCAP.

66. At all times hereinafter mentioned, plaintiff AAFCAP did not consent to representation of multiple adverse parties by defendant ALTAMURA.

67.     At all times hereinafter mentioned, plaintiff AAFCAP was an existing client of defendants ALTAMURA and H&H.

68.     At all times hereinafter mentioned, defendants ALTAMURA and H&H never withdrew as counsel for plaintiff AAFCAP.

69.     At all times hereinafter mentioned, defendants ALTAMURA and H&H represented different interests and that the attorney/client relationship between defendant ALTAMURA and plaintiff AAFCAP was a continuing one.

70.     That defendants ALTAMURA and H&H learned of defendant CEI through the plaintiff AAFCAP.

71.     At all times hereinafter mentioned, defendant ALTAMURA was aware of the business relationship between defendant CEI and plaintiff AAFCAP.

72.     At all times hereinafter mentioned, defendant ALTAMURA was aware of a contractual relationship between CEI and plaintiff AAFCAP.

73.     At all times hereinafter mentioned, defendant ALTAMURA learned of the business needs of defendant CEI from plaintiff AAFCAP.

74.     At all times hereinafter mentioned, as a result of the fiduciary relationship created between plaintiff AAFCAP and defendant ALTAMURA, the plaintiff AAFCAP entrusted defendant ALTAMURA with business materials, financial documents and other items related to the defendant, CEI.

75.    At all times hereinafter mentioned, the defendant ALTAMURA used documents, materials and information supplied by the plaintiff AAFCAP for the benefit of himself and H&H.

76.    At all times hereinafter mentioned, defendant CEI engaged the plaintiff AAFCAP, utilized the process, leads, and business acumen of the plaintiff AAFCAP.

77.    At all times hereinafter mentioned, defendant ALTAMURA utilized the process, leads, and business acumen of the plaintiff AAFCAP to the benefit of himself and H&H.

78.    At all times hereinafter mentioned, plaintiff AAFCAP provided defendant ALTAMURA with business expertise and contacts.

79.    At all times hereinafter mentioned, plaintiff AAFCAP introduced the defendant ALTAMURA to defendant CEI.

80.    At all times hereinafter mentioned, the information provided by plaintiff AAFCAP to defendant ALTAMURA was improperly used by defendant ALTAMURA and H&H.

81.    That at all times hereinafter mentioned, defendant ALTAMURA learned of the financial and business needs of defendant CEI when acting as attorney for plaintiff AAFCAP.

82.    At all times hereinafter mentioned, plaintiff AAFCAP had a reasonable expectancy of realizing economic gain as a result of the business relationship established with defendant CEI.

83.    At all times hereinafter mentioned, at no time did defendants ALTAMURA and H&H provide written notification to plaintiff AAFCAP that they were no longer acting as their attorneys on their behalf.

84. At all times hereinafter mentioned, at no time did defendants ALTAMURA and H&H advise plaintiff AAFCAP to engage other attorneys to protect their interests.

85. At all times hereinafter mentioned, defendant ALTAMURA, without cause or provocation, discontinued protecting the interests of plaintiff AAFCAP.

86. At all times hereinafter mentioned, defendant ALTAMURA, continued to obtain business information from plaintiff AAFCAP regarding defendant CEI.

87. At all times hereinafter mentioned, defendant ALTAMURA took information of a proprietary, confidential and fiduciary nature and used the information improperly.

88. At all times hereinafter mentioned, defendant ALTAMURA contacted defendant LAURUS CAPITAL MANAGEMENT, LLC. d/b/a LAURUS FAMILY OF FUNDS ("LAURUS") to provide financing for funding for working capital and other financial needs of defendant CEI.

89. At all times hereinafter mentioned, at no time prior to contacting LAURUS did defendants ALTAMURA and H&H provide notification to plaintiff AAFCAP that they were no longer acting as their attorneys on their behalf.

90. At all times hereinafter mentioned, defendant, LAURUS CAPITAL MANAGEMENT, LLC, is a financial institution that make direct investments in small and micro-cap companies.

91. At all times hereinafter mentioned, plaintiff AAFCAP continued to provide proprietary, confidential and fiduciary information to defendant, ALTAMURA for purposes of LAURUS providing funding for working capital and other financial needs to defendant CEI.

92.     At all times hereinafter mentioned, plaintiff AAFCAP continued to provide financial advisory services to assist with the transaction with defendant LAURUS.

93.     At all times hereinafter mentioned, plaintiff AAFCAP continued to provide proprietary, confidential and fiduciary information to defendant ALTAMURA for the purposes of providing funding for working capital and other financial needs to defendant CEI by defendant LAURUS.

94.     At all times hereinafter mentioned, plaintiff AAFCAP continued to provide financial documents and business information to defendant ALTAMURA for the purposes of defendant LAURUS providing funding for working capital and other financial needs to defendant CEI by defendant LAURUS.

95.     That upon information and belief, in March of 2006, LAURUS provided funding for working capital and other financial needs of defendant CEI.

96.     That upon information and belief, in March 2006, LAURUS provided a term note for defendant CEI in the amount of $37,600,000.00.

97.     At all times hereinafter mentioned, defendant SULLIVAN agreed that any deal defendant CEI might do with defendant LAURUS fell squarely within the parameters of the CEI/AAFCAP Agreement.

98.     At all times hereinafter mentioned, defendant SULLIVAN represented to plaintiff that any deal defendant CEI might do with defendant LAURUS fell squarely within the parameters of the CEI/AAFCAP Agreement.

99.    Defendant SULLIVAN communicated to plaintiff that any deal defendant CEI might do with defendant LAURUS fell squarely within the parameters of the CEI/AAFCAP Agreement.

100.    At all times hereinafter mentioned, plaintiff AAFCAP continued to believe that defendant ALTAMURA remained plaintiff's attorney.

101.    At all times hereinafter mentioned, plaintiff AAFCAP continued to represent that ALTAMURA remained their attorney.

102.    At all times hereinafter mentioned, plaintiff AAFCAP continued to believe that defendant ALTAMURA remained plaintiff's agent.

103.    At all times hereinafter mentioned, plaintiff AAFCAP continued to believe that defendant ALTAMURA remained plaintiff's representative.

104.    At all times hereinafter mentioned, plaintiff AAFCAP continued to believe that defendant ALTAMURA remained plaintiff's attorney.

105.    With respect to the LAURUS transaction, plaintiff AAFCAP continued to represent that ALTAMURA remained their attorney.

106.    With respect to the LAURUS transaction, plaintiff AAFCAP continued to believe that defendant ALTAMURA remained plaintiff's agent.

107.    With respect to the LAURUS transaction, plaintiff AAFCAP continued to believe that defendant ALTAMURA remained plaintiff's representative.

108.    At all times hereinafter mentioned, defendant ALTAMURA had a fiduciary responsibility to plaintiff.

109.    After plaintiff provided information, advice and service to ALTAMURA for the LAURUS transaction, ALTAMURA advised he was no longer representing plaintiff.

110.    ALTAMURA attended meetings regarding the transaction with LAURUS.

111.    At all times hereinafter mentioned, ALTAMURA continued to inform and advise plaintiff AAFCAP on the progress of the LAURUS transaction.

112.    ALTAMURA provided AAFCAP the terms of the transaction between LAURUS and CEI.

113.    ALTAMURA provided AAFCAP the LAURUS proposal letter of the transaction between LAURUS and CEI.

114.    ALTAMURA provided plaintiff AAFCAP his rewrite and comments on LAURUS proposal letters.

115.    That upon information and belief, defendants ALTAMURA and H&H were paid a fee upon closing of funding for working capital and other financial needs of defendant CEI.

116.    At all times hereinafter mentioned, the funding LAURUS provided to defendant CEI falls within the Agreement between plaintiff AAFCAP and the defendant CEI.

117.    That upon information and belief, at all times hereinafter mentioned, defendants ALTAMURA and H&H received a legal fee for the transaction.

118.    That upon information and belief, at all times hereinafter mentioned, defendants ALTAMURA and H&H received a finder's fee for the transaction.

119.    At all times hereinafter mentioned, pursuant to the Agreement between plaintiff AAFCAP and defendant CEI, plaintiff is owed a fee.

120.    At all times hereinafter mentioned, the fee due and owing to plaintiff AAFCAP remains unpaid although duly demanded.

121.    Upon information and belief, and at all times hereinafter mentioned, the fee due and owing to plaintiff AAFCAP is equal to one percent (1%) of the first $12,000,000.00 funded (or $120,000.00), together with two and one-half percent (2-1/2%) of the amount financed in excess of $12,000,000.00 (which sum, upon information and belief, equals 2-1/2% of $25,600,000.00 or $640,000.00) for a total fee due and owing of $760,000.00, plus interest thereon.

## AS AND FOR A FIRST CAUSE OF ACTION AGAINST DEFENDANT, CHAMPLAIN ENTERPRISES, INC. ("CEI") FOR BREACH OF CONTRACT

122.    Plaintiffs, **AAFCAP, LLC, DONNA MARIE ZERBO THOMAS M. KANE and DAVID HIRSCH**, repeat and reiterate each and every allegation contained in the paragraphs of the complaint designated "1" through "121", inclusive, as alleged in the paragraph of the complaint designated "122" with the same force and effect as if fully set forth at length herein.

123.    That at all times hereinafter mentioned, as aforementioned, on or about the 15th day of March, 2005, plaintiff AAFCAP and defendant CEI entered into a contract wherein the defendant CEI agreed to pay plaintiff a fee with regard to providing financial advisory services.

124.    That at all times hereinafter mentioned, defendant SULLIVAN, represented to plaintiff AAFCAP that the CEI/LAURUS transaction was within the parameters of the Agreement.

125.    That at all times hereinafter mentioned, the LAURUS funding provided to defendant CEI falls within the Agreement between plaintiff AAFCAP and the defendant CEI.

126.    That at all times hereinafter mentioned, pursuant to the Agreement between plaintiff AAFCAP and defendant CEI, plaintiff is owned a fee.

127.    That at all times hereinafter mentioned, the fee due and owing to plaintiff AAFCAP remains unpaid although duly demanded.

128.    Upon information and belief, and at all times hereinafter mentioned, the fee due and owing to plaintiff AAFCAP is equal to one percent (1%) of the first $12,000,000.00 funded (or $120,000.00), together with two and one-half percent (2-1/2%) of the amount financed in excess of $12,000,000.00 (which sum equals $25,00,000.00) (or $640,000.00) for a total fee due and owing of $760,000.00, plus interest thereon.

129.    That at all times hereinafter mentioned, plaintiff AAFCAP and/or their officers, directors, employees or members performed all of the terms and conditions of the Agreement required on their part to be performed.

130.    That at all times hereinafter mentioned, defendant CEI breached the Agreement without any right or cause in failing to pay the fee of plaintiff AAFCAP.

131.    That at all times hereinafter mentioned, of the aforementioned, plaintiff AAFCAP has

been damaged in an amount to be proven at the time of trial, which is presently believed to be in the sum of $760,000.00, plus interest thereon.

## AS AND FOR A SECOND CAUSE OF ACTION
## AGAINST DEFENDANTS, CHAMPLAIN ENTERPRISES, INC. ("CEI")
## AND JOHN A. SULLIVAN FOR
## BREACH OF DUTY OF GOOD FAITH
## AND FAIR DEALING

132.    Plaintiff, Plaintiffs, **AAFCAP, LLC, DONNA MARIE ZERBO THOMAS M. KANE and DAVID HIRSCH**, repeat and reiterate each and every allegation contained in the paragraphs of the complaint designated "1" through "131", inclusive, as alleged in the paragraph of the complaint designated "132" with the same force and effect as if fully set forth at length herein.

133.    That at all times hereinafter mentioned, plaintiff AAFCAP provided work, labor, services, advice, and financial expertise in connection with defendant CEI obtaining financing from LAURUS.

134.    That at all times hereinafter mentioned, defendant SULLIVAN, represented to plaintiff AAFCAP that the CEI/LAURUS transaction was within the parameters of the Agreement.

135.    That at all times hereinafter mentioned, plaintiff AAFCAP justifiably relied on the representations of SULLIVAN and continued to provide work, labor, services, financial expertise and information with respect to the transaction.

136.    That at all times hereinafter mentioned, the plaintiff AAFCAP is entitled to a fee for services performed.

137.    The plaintiff AAFCAP provided work, labor, services, financial expertise and information based upon the express representation of the defendant CEI and SULLIVAN from which defendant's CEI and SULLIVAN have derived substantial benefit.

138.    That defendant SULLIVAN excluded plaintiff from meetings regarding the transaction.

139.    That defendant SULLIVAN excluded Plaintiff from meetings and misled the plaintiff regarding the reason they were not attending the meetings.

140.    That defendant SULLIVAN refused to pay a fee to plaintiff AAFCAP.

141.    That implicit in every contract is a duty of good faith and fair dealing.

142.    That defendant CEI and SULLIVAN breached their duty of good faith and fair dealing as aforementioned.

143.    Plaintiff was damaged as a direct and proximate result of the defendants' lack of good faith and fair dealing.

144.    That at all times hereinafter mentioned, plaintiff AAFCAP has not been paid by defendant CEI for services performed by plaintiff despite demand by plaintiff AAFCAP.

145.    That at all times hereinafter mentioned, as a result of the aforementioned, plaintiff AAFCAP has been damaged in an amount to be proven at trial, which is presently believed to be in the sum of $760,000.00, plus interest thereon.

## AS AND FOR A THIRD CAUSE OF ACTION
## AGAINST DEFENDANT,
## JOHN A. SULLIVAN
## FOR TORTIOUS INTERFERENCE WITH A
## PROSPECTIVE BUSINESS ADVANTAGE

146.    Plaintiffs, **AAFCAP, LLC, DONNA MARIE ZERBO THOMAS M. KANE and**

**DAVID HIRSCH**, repeat and reiterate each and every allegation contained in the paragraphs of the

complaint designated "1" through "145", inclusive, as alleged in the paragraph of the complaint

designated "146" with the same force and effect as if fully set forth at length herein.

147.    That at all times hereinafter mentioned, plaintiff AAFCAP had a business relationship

with defendant CEI.

148.    Plaintiff AAFCAP had a reasonable expectancy of economic gain resulting from the

relationship with CEI.

149.    That at all times hereinafter mentioned, defendant SULLIVAN interfered with the

business relationship between plaintiff AAFCAP and defendant CEI.

150.    That at all times hereinafter mentioned, defendant SULLIVAN used dishonest, unfair

or improper means.

151.    That at all times hereinafter mentioned, defendant SULLIVAN engaged in conduct

that had an adverse effect on the relationship between plaintiff AAFCAP and defendant CEI.

152.    That at all times hereinafter mentioned, defendant SULLIVAN engaged in conduct

intended to cause harm to the relationship between plaintiff AAFCAP and defendant CEI.

153.   That at all times hereinafter mentioned, the actions of defendant SULLIVAN were the proximate cause of injury to the relationship between plaintiff AAFCAP and defendant CEI.

154.   That at all times hereinafter mentioned, plaintiff suffered damages as a result of the interference of defendant SULLIVAN with the relationship between plaintiff AAFCAP and defendant CEI.

155.   That at all times hereinafter mentioned, as a result of the aforementioned, plaintiff AAFCAP has been damaged in an amount to be proven at the time of trial which is presently believed to be in the amount of $760,000.00, plus interest thereon.

## AS AND FOR A FOURTH CAUSE OF ACTION AGAINST DEFENDANT, JOHN A. SULLIVAN FOR TORTIOUS INTERFERENCE WITH THE PERFORMANCE OF A CONTRACT ("AGREEMENT")

156.   Plaintiffs, **AAFCAP, LLC, DONNA MARIE ZERBO THOMAS M. KANE and DAVID HIRSCH,** repeat and reiterate each and every allegation contained in the paragraphs of the complaint designated "1" through "155", inclusive, as alleged in the paragraph of the complaint designated "156" with the same force and effect as if fully set forth at length herein.

157.   That at all times hereinafter mentioned, there was an Agreement between plaintiff AAFCAP and a third-party CEI.

158.   That at all times hereinafter mentioned, defendant SULLIVAN knew of the Agreement.

159.    That at all times hereinafter mentioned, defendant SULLIVAN intentionally and unjustifiably procured defendant CEI to breach the contract with plaintiff AAFCAP.

160.    That at all times hereinafter mentioned, defendant CEI breached the Agreement with plaintiff AAFCAP.

161.    That at all times hereinafter mentioned, plaintiff AAFCAP was damaged as a result of the breach of Agreement.

162.    That at all times hereinafter mentioned, as a result of the aforementioned, plaintiff AAFCAP has been damaged in an amount to be proven at the time of trial which is presently believed to be in the amount of $760,000.00, plus interest thereon.

<div align="center">

**AS AND FOR A FIFTH CAUSE OF ACTION
AGAINST DEFENDANTS,
ANTHONY ALTAMURA ("ALTAMURA")
AND HAHN & HESSEN, LLP ("H&H")
FOR TORTIOUS INTERFERENCE WITH THE
PERFORMANCE OF A CONTRACT ("AGREEMENT")**

</div>

163.    Plaintiffs, **AAFCAP, LLC, DONNA MARIE ZERBO THOMAS M. KANE and DAVID HIRSCH**, repeat and reiterate each and every allegation contained in the paragraphs of the complaint designated "1" through "162", inclusive, as alleged in the paragraph of the complaint designated "163" with the same force and effects as if fully set forth at length herein.

164.    That at all times hereinafter mentioned, there was an Agreement between plaintiff AAFCAP and a third-party CEI.

165.    That at all times hereinafter mentioned, defendant ALTAMURA knew of the Agreement.

166.    That at all times hereinafter mentioned, defendant ALTAMURA intentionally and unjustifiably procured defendant CEI to breach the contract with plaintiff AAFCAP.

167.    That at all times hereinafter mentioned, defendant CEI breached the Agreement with plaintiff AAFCAP.

168.    That at all times hereinafter mentioned, plaintiff AAFCAP was damaged as a result of the breach of Agreement.

169.    That at all times hereinafter mentioned, as a result of the aforementioned , plaintiff, AAFCAP has been damaged in an amount to be proven at the time of trial which is presently believed to be in the amount of $760,000.00, plus interest thereon.

### AS AND FOR A SIXTH CAUSE OF ACTION
### AGAINST DEFENDANTS,
### ANTHONY ALTAMURA ("ALTAMURA")
### AND HAHN & HESSEN, LLP ("H&H")
### FOR TORTIOUS INTERFERENCE WITH A PROSPECTIVE
### BUSINESS ADVANTAGE

170.    Plaintiffs, **AAFCAP, LLC, DONNA MARIE ZERBO THOMAS M. KANE and DAVID HIRSCH**, repeat and reiterate each and every allegation contained in the paragraphs of the complaint designated "1" through "169", inclusive, as alleged in the paragraph of the complaint designated "170" with the same force and effects as if fully set forth at length herein.

171.   Plaintiff had a business relationship with defendant CEI.

172.   Plaintiff had a reasonable expectation of economic gain resulting from the relationship.

173.   Defendants ALTAMURA and H&H engaged in conduct that had an adverse effect on the relationship between plaintiff AAFCAP and defendant CEI.

174.   Defendant ALTAMURA intended to cause destruction of or harm to the relationship.

175.   Plaintiffs suffered damages as a result of the defendant ALTAMURA interference with the relationship.

176.   That at all times hereinafter mentioned, as a result of the aforementioned, plaintiff, AAFCAP has been damaged in an amount to be proven at the time of trial which is presently believed to be in the amount of $760,000.00, plus interest thereon.

**AS AND FOR A SEVENTH CAUSE OF ACTION
AGAINST DEFENDANTS,
ANTHONY ALTAMURA ("ALTAMURA")
AND HAHN & HESSEN, LLP ("H&H")
FOR BREACH OF FIDUCIARY DUTY**

177.   Plaintiffs, **AAFCAP, LLC, DONNA MARIE ZERBO THOMAS M. KANE and DAVID HIRSCH**, repeat and reiterate each and every allegation contained in the paragraphs of the complaint designated "1" through "176", inclusive, as alleged in the paragraph of the complaint designated "177" with the same force and effects as if fully set forth at length herein.

178.    That at all times hereinafter mentioned, defendants ALTAMURA and H&H undertook to represent plaintiff.

179.    That at all times hereinafter mentioned, defendants ALTAMURA and H&H undertook to represent plaintiff in pursuing their obligations under the agreement with third-party financing sources to provide funding for working capital and other financial need of CEI.

180.    That at all times hereinafter mentioned, defendants ALTAMURA and H&H undertook to represent plaintiff and parties with an adverse and/or interest to plaintiff.

181.    As a result, there was a conflict of interest between the parties as aforementioned.

182.    As a result, there was a conflict of interest between plaintiff AAFCAP and defendants ALTAMURA and H&H.

183.    As a consequence, AAFCAP was not adequately represented and suffered damages.

184.    That at all times hereinafter mentioned, defendants ALTAMURA and H&H owed a duty of loyalty and good faith.

185.    That plaintiff AAFCAP did not consent to ALTAMURA or H&H accepting employment on behalf of other entities involved in transactions related to the Agreement.

186.    That defendant ALTAMURA and H&H did not fully disclose to plaintiff AAFCAP that he and H&H would represent different interests in this transaction.

187.    That the professional judgment of defendant ALTAMURA on behalf of plaintiff AAFCAP was affected by the financial, business and property interests of defendants ALTAMURA and H&H.

188.    That defendant ALTAMURA put the financial, business or property interests of himself and defendant H&H before that of their client, plaintiff AAFCAP.

189.    That defendants ALTAMURA and H&H continued multiple employment which adversely affected the exercise of independent professional judgment on behalf of plaintiff AAFCAP.

190.    That defendants ALTAMURA and H&H did not fully disclose the implications of simultaneous representation and the advantages and risks involved to plaintiff AAFCAP.

191.    That at all times hereinafter mentioned, plaintiff AAFCAP did not consent to representation of multiple adverse parties by defendant ALTAMURA.

192.    That at all times hereinafter mentioned, plaintiff AAFCAP was an existing client of defendants, ALTAMURA and H&H.

193.    That at all times hereinafter mentioned, defendants ALTAMURA and H&H never withdrew as counsel for plaintiff AAFCAP.

194.    That defendants ALTAMURA and H&H represented different interests and that the attorney/client relationship between defendant ALTAMURA and plaintiff AAFCAP was a continuing one.

195.    That defendants ALTAMURA and H&H learned of defendant CEI through the plaintiff AAFCAP.

196.    That at all times hereinafter mentioned, defendant ALTAMURA was aware of the business relationship between defendant CEI and plaintiff AAFCAP.

197.    That at all times hereinafter mentioned, defendant ALTAMURA was aware of a contractual relationship with LAURUS between CEI and plaintiff AAFCAP.

198.    That at all times hereinafter mentioned, defendant ALTAMURA learned of the business needs of defendant CEI from plaintiff AAFCAP.

199.    That the aforementioned acts by defendants ALTAMURA and H&H constitute a breach of fiduciary duty owed to plaintiff.

200.    Defendant ALTAMURA excluded plaintiff from meetings.

201.    Defendant ALTAMURA continued to obtain information from plaintiff while simultaneously representing multiple interests.

202.    Defendant ALTAMURA and H&H used the information gained from plaintiff to benefit themselves and to the detriment of the plaintiff.

203.    Plaintiff believed ALTAMURA was acting as their agent.

204.    That at all times hereinafter mentioned, as a result of the aforementioned, plaintiff AAFCAP has been damaged in an amount to be proven at the time of trial which is presently believed to be in the amount of $760,000.00, plus interest thereon.

### AS AND FOR A EIGHTH CAUSE OF ACTION
### AGAINST DEFENDANTS,
### ANTHONY ALTAMURA ("ALTAMURA")
### AND HAHN & HESSEN, LLP ("H&H")
### FOR MALPRACTICE

205.    Plaintiffs, **AAFCAP, LLC, DONNA MARIE ZERBO THOMAS M. KANE and**

**DAVID HIRSCH,** repeat and reiterate each and every allegation contained in the paragraphs of the

complaint designated "1" through "204", inclusive, as alleged in the paragraph of the complaint

designated "205" with the same force and effects as if fully set forth at length herein.

206.    That plaintiff AAFCAP did not consent to ALTAMURA or H&H accepting

employment on behalf of other entities involved in transactions related to the Agreement.

207.    That defendant ALTAMURA and H&H did not fully disclose to plaintiff AAFCAP

that he and H&H would represent different interests in this transaction.

208.    That the professional judgment of defendant ALTAMURA on behalf of plaintiff

AAFCAP was affected by the financial, business and property interests of defendants ALTAMURA

and H&H.

209.    That defendant ALTAMURA put the financial, business or property interests of

himself and defendant H&H before that of their client, plaintiff AAFCAP.

210.    That defendants ALTAMURA and H&H continued multiple employment which

adversely affected the exercise of independent professional judgment on behalf of plaintiff

AAFCAP.

211.    That defendants ALTAMURA and H&H did not fully disclose the implications of

simultaneous representation and the advantages and risks involved to plaintiff AAFCAP.

212.    That at all times hereinafter mentioned, plaintiff AAFCAP did not consent to

representation of multiple adverse parties by defendant ALTAMURA.

213.    That at all times hereinafter mentioned, plaintiff AAFCAP was an existing client of defendants, ALTAMURA and H&H.

214.    That at all times hereinafter mentioned, defendants ALTAMURA and H&H never withdrew as counsel for plaintiff AAFCAP.

215.    That defendants ALTAMURA and H&H represented different interests and that the attorney/client relationship between defendant ALTAMURA and plaintiff AAFCAP was a continuing one.

216.    That defendants ALTAMURA and H&H learned of defendant CEI through the plaintiff AAFCAP.

217.    That at all times hereinafter mentioned, defendant ALTAMURA was aware of the business relationship between defendant CEI and plaintiff AAFCAP.

218.    That at all times hereinafter mentioned, defendant ALTAMURA was aware of a contractual relationship between CEI and plaintiff AAFCAP.

219.    That at all times hereinafter mentioned, defendant ALTAMURA learned of the business needs of defendant CEI from plaintiff AAFCAP.

220.    Defendants ALTAMURA and H&H committed malpractice by failing to properly represent plaintiff's interests.

221.    Defendant ALTAMURA put the financial and business interest of himself and H&H before his duty to protect AAFCAP.

222.    Defendant ALTAMURA failed to ensure that plaintiff was paid under the Agreement.

223.    The acts described above constitute a conflict of interest on the part of defendants ALTAMURA and H&H.

224.    Defendant ALTAMURA and H&H received a fee for the transaction.

225.    Defendants ALTAMURA and H&H committed malpractice by failing to ensure that plaintiff's rights under the Agreement were protected.

226.    That at all times hereinafter mentioned, as a result of the aforementioned, plaintiff AAFCAP has been damaged in an amount to be proven at the time of trial which is presently believed to be in the amount of $760,000.00, plus interest thereon.

## AS AND FOR A NINTH CAUSE OF ACTION
## AGAINST DEFENDANTS,
## ANTHONY ALTAMURA ("ALTAMURA")
## AND HAHN & HESSEN, LLP ("H&H")
## FOR  BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING

227.    Plaintiffs, **AAFCAP, LLC, DONNA MARIE ZERBO THOMAS M. KANE and DAVID HIRSCH**, repeat and reiterate each and every allegation contained in the paragraphs of the complaint designated "1" through "226", inclusive, as alleged in the paragraph of the complaint designated "227" with the same force and effect as if fully set forth at length herein.

228.    That at all times hereinafter mentioned, plaintiff AAFCAP provided work, labor, services, advice, and financial expertise in connection with defendant CEI obtaining financing by

CEI from LAURUS.

229.    That at all times hereinafter mentioned, defendant CEI through their Chairman SULLIVAN, represented to plaintiff AAFCAP that the CEI/LAURUS transaction was within the parameters of the Agreement.

230.    That at all times hereinafter mentioned, plaintiff AAFCAP justifiably relied on the representations of ALTAMURA, H&H and SULLIVAN and continued to provide work, labor, services, financial expertise and information with respect to the transaction.

231.    That at all times hereinafter mentioned, the plaintiff AAFCAP is entitled to a fee for services performed based upon the express representation of the defendant CEI and from which services defendant ALTAMURA, H&H and CEI has derived substantial benefit from.

232.    That implicit in every contract is a duty of good faith and fair dealing.

233.    That defendants breached their duty of good faith and fair dealing as aforementioned.

234.    Plaintiff was damaged as a direct and proximate result of the defendants lack of good faith and fair dealing.

235.    That at all times hereinafter mentioned, plaintiff AAFCAP has not been paid by defendant CEI for services performed by plaintiff despite demand by plaintiff AAFCAP.

236.    That at all times hereinafter mentioned, as a result of the aforementioned, plaintiff AAFCAP has been damaged in an amount to be proven at trial, which is presently believed to be in the sum of $760,000.00, plus interest thereon.

## AS AND FOR A TENTH CAUSE OF ACTION
### AGAINST DEFENDANTS,
### ANTHONY ALTAMURA ("ALTAMURA"),
### HAHN & HESSEN, LLP ("H&H") and
### JOHN A. SULLIVAN
## FOR AIDING AND ABETTING THE BREACH OF FIDUCIARY DUTY

237.    Plaintiffs, **AAFCAP, LLC, DONNA MARIE ZERBO THOMAS M. KANE and**

**DAVID HIRSCH**, repeat and reiterate each and every allegation contained in the paragraphs of the

complaint designated "1" through "236", inclusive, as alleged in the paragraph of the complaint

designated "237" with the same force and effect as if fully set forth at length herein.

238.    That at all times hereinafter mentioned, defendant CEI and plaintiff had a fiduciary

obligations to each other.

239.    That at all times hereinafter mentioned, defendant SULLIVAN knew of the

Agreement.

240.    That at all times hereinafter mentioned, defendant SULLIVAN represented to plaintiff

AAFCAP that the CEI/LAURUS transaction was within the parameters of the Agreement.

241.    That at all times hereinafter mentioned, plaintiff AAFCAP justifiably relied on the

representations of SULLIVAN and continued to provide work, labor, services, financial expertise

and information with respect to the transaction.

242.    That at all times hereinafter mentioned, the plaintiff AAFCAP is entitled to a fee for

services performed.

243.    The plaintiff AAFCAP provided work, labor, services, financial expertise and information based upon the express representation of the defendant CEI and SULLIVAN from which services defendant CEI and SULLIVAN have derived substantial benefit from.

244.    That defendant SULLIVAN excluded plaintiff from meetings regarding the transaction.

245.    That Defendant SULLIVAN refused to pay a fee to plaintiff AAFCAP.

246.    That at all times hereinafter mentioned, defendant SULLIVAN intentionally and unjustifiably procured defendant CEI to breach the contract with plaintiff AAFCAP.

247.    The actions of SULLIVAN constituted a Breach of a Fiduciary Duty.

248.    That at all times hereinafter mentioned, the defendants ALTAMURA and H&H knowingly induced or participated in the breach of the aforementioned fiduciary duty.

249.    That at all times hereinafter mentioned, the plaintiff AAFCAP suffered damages as a result therefrom.

250.    That at all times hereinafter mentioned, defendant ALTAMURA and H&H substantially assisted CEI and SULLIVAN in breaching the Agreement with plaintiff AAFCAP.

251.    That at all times hereinafter mentioned, as a result of the aforementioned, plaintiff AAFCAP has been damaged in an amount to be proven at trial, which is presently believed to be in the sum of $760,000.00, plus interest thereon.

## AS AND FOR A ELEVENTH CAUSE OF ACTION
## AGAINST DEFENDANTS,
## LAURUS CAPITAL MANAGEMENT, LLC ("LAURUS"),
## EUGENE GRIN, DAVID GRIN AND GREG ZILBERSTEIN,
## FOR AIDING AND ABETTING THE
## BREACH OF FIDUCIARY DUTY

252.    Plaintiffs, **AAFCAP, LLC, DONNA MARIE ZERBO THOMAS M. KANE and**

**DAVID HIRSCH,** repeat and reiterate each and every allegation contained in the paragraphs of the

complaint designated "1" through "251", inclusive, as alleged in the paragraph of the complaint

designated "252" with the same force and effects as if fully set forth at length herein.

253.    That at all times hereinafter mentioned, defendant CEI and plaintiff had a fiduciary

obligations to each other.

254.    That at all times hereinafter mentioned, the defendant LAURUS knowingly induced

or participated in the breach of the fiduciary duty between defendant CEI and plaintiff.

255.    That at all times hereinafter mentioned, the plaintiff AAFCAP suffered damages as

a result therefrom.

256.    That at all times hereinafter mentioned, defendant LAURUS substantially assisted

CEI in  breaching the Agreement with plaintiff AAFCAP.

257.    At all times hereinafter mentioned, defendant, EUGENE GRIN,  was a principal and

co-founder of defendant LAURUS CAPITAL MANAGEMENT, LLC.

258.    At all times hereinafter mentioned, defendant, DAVID GRIN, was a principal and co-founder of defendant LAURUS CAPITAL MANAGEMENT, LLC.

259.    At all times hereinafter mentioned, defendant, GREG ZILBERSTEIN, was an investment analyst of defendant LAURUS CAPITAL MANAGEMENT, LLC.

260.    That at all times hereinafter mentioned, defendants LAURUS, EUGENE GRIN, DAVID GRIN, AND GREG ZILBERSTEIN intentionally and unjustifiably procured defendant CEI to breach the contract with plaintiff AAFCAP.

261.    The actions of LAURUS, EUGENE GRIN, DAVID GRIN, AND GREG ZILBERSTEIN constituted a Breach of a Fiduciary Duty.

262.    That at all times hereinafter mentioned, the defendant LAURUS, EUGENE GRIN, DAVID GRIN, AND GREG ZILBERSTEIN knowingly induced or participated in the breach of the aforementioned fiduciary duty.

263.    That at all times hereinafter mentioned, the plaintiff AAFCAP suffered damages as a result therefrom.

264.    That at all times hereinafter mentioned, as a result of the aforementioned plaintiff, AAFCAP has been damaged in an amount to be proven at the time of trial which is presently believed to be in the amount of $760,000.00, plus interest thereon.

## AS AND FOR A TWELFTH CAUSE OF ACTION
## AGAINST DEFENDANTS,
## LAURUS CAPITAL MANAGEMENT, LLC ("LAURUS"),
## EUGENE GRIN, DAVID GRIN, AND GREG ZILBERSTEIN
## FOR TORTIOUS INTERFERENCE WITH CONTRACT

265.    Plaintiffs, **AAFCAP, LLC, DONNA MARIE ZERBO THOMAS M. KANE and**

**DAVID HIRSCH**, repeat and reiterate each and every allegation contained in the paragraphs of the

complaint designated "1" through "264", inclusive, as alleged in the paragraph of the complaint

designated "265" with the same force and effect as if fully set forth at length herein.

266.    That at all times hereinafter mentioned, there was an Agreement between plaintiff

AAFCAP and a third-party CEI.

267.    That at all times hereinafter mentioned, defendant LAURUS knew of the Agreement.

268.    That at all times hereinafter mentioned, defendant  LAURUS, EUGENE GRIN,

DAVID GRIN, AND GREG ZILBERSTEIN intentionally and unjustifiably procured defendant CEI

to breach the contract with plaintiff AAFCAP.

269.    At all times hereinafter mentioned, defendant, EUGENE GRIN,  was a principal and

co-founder of defendant LAURUS CAPITAL MANAGEMENT, LLC.

270.    At all times hereinafter mentioned, defendant DAVID GRIN was a principal and co-

founder of defendant LAURUS CAPITAL MANAGEMENT, LLC.

271.    At all times hereinafter mentioned, defendant GREG ZILBERSTEIN was an

investment analyst of defendant LAURUS CAPITAL MANAGEMENT, LLC.

272.   That at all times hereinafter mentioned, defendant CEI breached the Agreement with plaintiff AAFCAP.

273.   That at all times hereinafter mentioned, plaintiff AAFCAP was damaged as a result of the breach of Agreement.

274.   That at all times hereinafter mentioned, as a result of the aforementioned plaintiff, AAFCAP has been damaged in an amount to be proven at the time of trial which is presently believed to be in the amount of $760,000.00, plus interest thereon.

### AS AND FOR A THIRTEENTH CAUSE OF ACTION AGAINST DEFENDANT, CHAMPLAIN ENTERPRISES, INC. ("CEI") FOR BREACH OF CONTRACT

275.   Plaintiffs, **AAFCAP, LLC, DONNA MARIE ZERBO, THOMAS M. KANE and DAVID HIRSCH**, repeat and reiterate each and every allegation contained in the paragraphs of the complaint designated "1" through "274", inclusive, as alleged in the paragraph of the complaint designated "275" with the same force and effect as if fully set forth at length herein.

276.   That at all times hereinafter mentioned, as aforementioned, on or about the 15th day of March, 2005, plaintiff AAFCAP and defendant CEI entered into a contract wherein the defendant CEI agreed to pay plaintiff a fee with regard to providing financial advisory services.

277.   The term of the Agreement commenced on the date thereof and continued until terminated by either party on sixty (60) days written notice to the other party.

278.    That defendant CEI agreed to compensate plaintiff AAFCAP with an advance retainer (the "Retainer") in the amount of $20,000.00 per month beginning with the month of July 2005.

279.    That defendant CEI paid plaintiff AAFCAP with an advance retainer in the amount of $20,000.00 for the month of July 2005.

280.    That defendant CEI paid plaintiff AAFCAP with an advance retainer in the amount of $20,000.00 for the month of August 2005.

281.    That defendant CEI paid plaintiff AAFCAP with an advance retainer in the amount of $20,000.00 for the month of September 2005.

282.    That defendant CEI failed to pay plaintiff AAFCAP with an advance retainer in the amount of $20,000.00 for the month of October 2005.

283.    That at all times hereinafter mentioned, pursuant to the Agreement between plaintiff AAFCAP and defendant CEI, plaintiff is owned a fee.

284.    That at all times hereinafter mentioned, the fee due and owing to plaintiff AAFCAP remains unpaid although duly demanded.

285.    Upon information and belief, and at all times hereinafter mentioned, the fee due and owing to plaintiff AAFCAP is equal to $20,000.00, plus interest thereon.

286.    That at all times hereinafter mentioned, plaintiff AAFCAP and/or their officers, directors, employees or members performed all of the terms and conditions of the Agreement required on their part to be performed.

287.    That at all times hereinafter mentioned, defendant CEI breached the Agreement without any right or cause in failing to pay the fee of plaintiff AAFCAP.

288.    That at all times hereinafter mentioned, of the aforementioned, plaintiff AAFCAP has been damaged in an amount to be proven at the time of trial, which is presently believed to be in the sum of $20,000.00, plus interest thereon.

**WHEREFORE,** plaintiffs, **AAFCAP, LLC, DONNA MARIE ZERBO, THOMAS M. KANE and DAVID HIRSCH,** demand judgment against the defendants in a sum which exceeds the jurisdictional limits of all lower courts, together with the costs and disbursements of this action.

Dated: East Norwich, New York
      May 15, 2006

Yours, etc.,

**LAW OFFICE OF VINCENT D. McNAMARA**

By:    ~Donald MacKenzie~

      DONALD N. MacKENZIE, ESQ.
Attorneys for Plaintiffs:
**AAFCAP, LLC, DONNA MARIE ZERBO,
THOMAS M. KANE and DAVID HIRSCH**
Tower Square - 1045 Oyster Bay Road - Suite 1
East Norwich, New York 11732
516:   922-9100

# VERIFICATION

STATE OF NEW JERSEY    )
                       : ss.:
COUNTY OF MORRIS       )

      **DONNA MARIE ZERBO**, being duly sworn, deposes and says:

1.    I am one of the plaintiffs in the within action;

2.    I have read the foregoing *Complaint* and know the contents thereof;

3.    That same is true to my own knowledge, except as to the matters therein stated to be

alleged on information and belief, and as to those matters, I believe it to be true.

                                                  **DONNA MARIE ZERBO**

Sworn to before me on this

_16th_ day of May, 2006.

Notary Public

JOHN J. TERRONE, JR.
NOTARY PUBLIC, NEW JERSEY
MY COMMISSION EXPIRES
4/17/07

State of New York,
} SS: 06/8638
County Of Nassau

I, Maureen O'Connell, Clerk of the County of Nassau and of the Supreme and County Courts, do hereby certify that I have compared the annexed _Summons + Complaint_ with the original filed in my office on _5-25-06_ and have found it to be a true and complete copy of said original.

In testimony whereof, I have hereunto set my hand and affixed the seal of the County of Nassau this _27_ day of _June_, 20 _07_.

_Maureen O'Connell_

Maureen O'Connell, Clerk

**Index No.**

## SUPREME COURT OF THE STATE OF NEW YORK
### COUNTY OF NASSAU

AAFCAP, LLC, DONNA MARIE ZERBO,
THOMAS M. KANE and DAVID HIRSCH,

Plaintiffs,

-against-

CHAMPLAIN ENTERPRISES, INC., JOHN A. SULLIVAN, ANTHONY ALTAMURO,
HAHN & HESSEN, LLP, LAURUS CAPITAL MANAGEMENT, LLC., EUGENE GRIN,
DAVID GRIN and GREG ZILBERSTEIN,

Defendants.

## SUMMONS WITH VERIFIED COMPLAINT

*Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed document are not frivolous.*

Signature (Rule 130-1.a)     **DONALD N. MacKENZIE, ESQ.**

### LAW OFFICE OF VINCENT D. McNAMARA
Attorneys for Plaintiffs:
*AAFCAP, LLC, DONNA MARIE ZERBO, THOMAS M. KANE*
*and DAVID HIRSCH*
Office and Post Office Address, Telephone
Tower Square
1045 Oyster Bay Road, Suite 1, East Norwich, New York 1172
(516) 922-9100

To
Attorney(s) for

Service of a copy of the within is hereby admitted.
Dated: _____
Attorney(s) for

[ ] **NOTICE OF ENTRY**: PLEASE take notice that the within is a (certified) true copy of a
duly entered in the office of the clerk of the within named court on
Dated,

To:
Attorney(s) for

[ ] **NOTICE OF SETTLEMENT**: PLEASE take notice that an order
of which the within is a true copy will be presented for settlement to the Hon.
one of the judges of the within named Court, at
Dated,

To:
Attorney(s) for

Yours, etc.

**LAW OFFICE OF VINCENT D. McNAMARA**
Attorneys for Defendant(s): ABOVE NAMED
Tower Square - 1045 Oyster Bay Road - Suite 1
East Norwich, New York 11732

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

IN RE:                              )
                                    )
TIMOTHY D. SHELTON                  )     **Bankruptcy Case**
                                    )     **No. 07-81534-JAC11**
    Debtor.                         )

## MOTION TO CONVERT OR TO APPOINT TRUSTEE

COMES now AAFCOR, LLC ("AAFCOR"), a secured creditor of the referenced Debtor, and hereby moves this Court to convert this case, or alternatively, to appoint a Trustee. For its motion, AAFCOR, says as follows:

### Jurisdiction and Procedure

1.      Jurisdiction for this matter is founded upon Bankruptcy Code §§ 1112 and 1104. Section 1112 authorizes the Court to convert or to dismiss a bankruptcy petition upon a showing of "cause." "Cause" includes, without limitation:

> (a)  substantial or continuing loss to or diminution of the estate in the absence of a reasonable likelihood of rehabilitation;
>
> (b)  gross mismanagement of the estate; and
>
> (c)   failure to maintain appropriate insurance which poses a risk to the estate or to the public.

2.      Section 1104 requires the Court to appoint a Trustee:

> (1)  for cause, including fraud, dishonesty, incompetence, or gross mismanagement of the affairs of the debtor by current management, either before or after the commencement of the case, or similar cause; not including the number of holders of securities of the debtor or the amount of assets or liabilities of the debtor; or
>
> (2)  if such appointment is in the interests of creditors, any equity security holders, and other interests of the estate, without regard to the number of holders of securities of the debtor or the amount of assets or liabilities of the debtor.

1


EXHIBIT
H

**Bases for Motion**

**Background**

3.      AAFCOR incorporates paragraphs 1-2 hereinabove.

4.      AAFCOR is a secured creditor of the debtor processing a claim in excess of $1.5 Million.

5.      AAFCOR submits that the relief requested herein is warranted based upon the Debtor's fraudulent conduct and/or mismanagement.

6.      The Debtor owns two companies which constitute its "water businesses": Springfield Premium Natural Water, Inc. ("Springfield Premium"), and Tennessee Valley Bottling Company, LLC ("TVBC").

7.      Springfield Premium sells water to the Town of Lexington for its municipal water needs.  Additionally, the company sells five gallon bottles of water and tankers of water to wholesale distributors.

8.      TVBC bottles and sells 16.9 ounce bottles of water in 24 pack cases.

**Fraudulent Conduct**

9.      The principals of AAFCOR, Donna Zerbo and David Hirsch, were introduced to Mr. Shelton by Jim Pope who was known to Mr. Hirsch from prior deals. Apparently, Mr. Pope was retained by Shelton to obtain refinancing for the loans from Lauderdale County Teachers Credit Union (the "Credit Union").

10.     Mr. Pope approached David Hirsch about providing working capital to enable Mr. Shelton to improve his business situation so that Mr. Pope could then refinance Shelton's long term obligations.

11.    In order to induce AAFCOR to lend money to him, Mr. Shelton provided a financial statement to AAFCOR dated March 31, 2006, which Mr. Shelton signed and dated on April 5, 2006. In the financial statement, Mr. Shelton showed a net worth of $16 Million. When he presented the financial statement to AAFCOR, Shelton indicated that it had been prepared by his accountant, Frank Spires. (Mr. Spires is the accountant for Mr. Shelton and his companies.)

12.    It now appears that Mr. Shelton's financial statement was overstated by many millions of dollars.

13.    In addition to fraudulently overstating the value of his assets, Mr. Shelton specifically indicated that he owned the acreage upon which the Springfield Premium plant resides. He represented to AAFCOR that he owned the property and the water rights necessary for Springfield Premium and TVBC to operate.

14.    After AAFCOR had loaned a significant amount of money to Mr. Shelton, AAFCOR learned that Shelton did not own the Springfield Premium real estate or water rights. Mr. Shelton indicated that, although he did not own the property, he had control over the property since it was owned by his brother, Kenneth Shelton.

15.    To date, Mr. Shelton has not been able to obtain any formal contract evidencing his right to utilize the water from the property owned by his brother. Additionally, the matter is further complicated, because the Town of Lexington owns the permit.

16.    Without the real estate and water rights, it is difficult, if not impossible, to sell either Springfield Premium or TVBC.

3

17.    Upon information and belief, Timothy Shelton conveyed the property to Kenneth Shelton without receiving due consideration therefor.    If so, this transfer constitutes a fraudulent transfer.

18.    Additionally, even if the initial transfer was not fraudulent, Timothy Shelton has paid tens of thousands of dollars on the debt securing the property, thereby reducing his brother's exposure on the debt, which clearly constitutes a fraudulent transfer.

19.    Upon information and belief, Timothy Shelton utilized this same fraudulent financial statement to obtain 21 loans from the Credit Union.

20.    Of the 21 loans, Mr. Shelton had a co-borrower on 20 of them.    Upon information and belief, Shelton misrepresented to the Credit Union the value of the equipment pledged as collateral for the loans.

21.    Upon information and belief, Mr. Shelton has defrauded many other creditors in order to obtain funds to keep the business operating.    Specifically, without limitation, Mr. Shelton borrowed money from Mrs. King, an elderly widow.

22.    Additionally, Mr. Shelton obtained title to the home of Kim Mitchell and then mortgaged it to obtain funds to operate the business.

23.    Upon information and belief, Mrs. King and Mr. Mitchell are simply two of the many individuals who have been defrauded by Mr. Shelton.

24.    Shelton also defrauded AAFCOR into utilizing loan funds to pay off debts collateralized by various items of equipment, which Shelton agreed to sell to generate cash for the business operations.    Contrary to his representations to AAFCOR, Shelton never sold the equipment.

4

25.    The Debtor also owns a company which provided maintenance services, Springfield Central Maintenance, Inc. ("Springfield Maintenance"). Shelton represented to AAFCOR that Springfield Maintenance was a viable business which serviced and repaired equipment. Shelton further represented that his company had maintained, and would maintain, the equipment for Springfield Premium and TVBC.

26.    Based upon these representations, certain of the AAFCOR loan funds were utilized for Springfield Maintenance.

27.    AAFCOR found that:

> (a) Springfield Maintenance had never been profitable (at least during the last year); and
>
> (b) the employees were incapable of properly maintaining the equipment for Springfield Premium and TVBC.

28.    Further fraudulent conduct on the part of Mr. Shelton involves his abject failure to list any of his realty or personal property in his initial bankruptcy schedules. In his sworn schedules, Mr. Shelton indicated that he owned no real estate and that he owned no personal property.

29.    A search of the probate records reveals that he owns at least 15 parcels of real property.

**Mismanagement**

30.    From the $7.5 Million in loans from the Credit Union, Mr. Shelton presumably utilized certain of the funds to construct the TVBC facility and to purchase the equipment therein. However, it appears that no more than $1 million was spent to develop the TVBC facility.

31.    While it is unknown how Mr. Shelton utilized the other $6.5 million, it certainly appears that Mr. Shelton utilized the additional loan funds to repay other loans and to offset the operating losses of the businesses. From what AAFCOR can ascertain, the businesses have never been operated as a "going concern" on a consistent basis and therefore have never "broken even," let alone been profitable.

32.    In a newspaper article from December, 2003, Mr. Shelton and his associate, Tony Cosby, indicated that TVBC would be profitable by March, 2004.

33.    To the knowledge of AAFCOR, this has never occurred.

34.    After AAFCOR invested the money in Mr. Shelton's businesses, AAFCOR and AAF-Springfield, Inc., attempted to provide assistance with the management of the business.  They obtained many new customers for Springfield Premium and TVBC.

35.    In order to sustain Springfield Premium and TVBC, Mr. Shelton agreed that the proceeds derived from the businesses would only be utilized to pay the direct expenses of those businesses.

36.    Furthermore, Mr. Shelton agreed to terminate his two office employees, who had no accounting experience and maintained poor corporate records.

37.    Mr. Shelton further agreed that Mr. Hirsch would be chiefly responsible for running the office.  He also agreed that Mr. Hirsch could hire someone to get the records in order and to oversee the finances of the business.

38.    After Mr. Shelton's office staff was terminated, Mr. Shelton began obtaining checks/proceeds derived from the businesses and appropriated those checks for himself.  He obtained these funds by taking possession of the business-related mail.  It

6

appears that, prior to their termination, the office staff was diverting proceeds to Mr. Shelton.

39.    When Mr. Shelton was confronted about this, he agreed that he would meet a representative of AAFCOR at the post office each day and that his personal mail would be separated from the business mail, with the business mail being delivered to the office. Attached hereto is a letter memorandum to this effect.    In direct violation of the agreement, Mr. Shelton began appropriating money once again.

40.    Although the businesses were finally producing a steady cash flow with projected profitability in the near term, Mr. Shelton began to misappropriate the funds.

41.    The single largest account payable is from the Town of Lexington, with the May payment being $15,000.  Pursuant to the agreement between Mr. Shelton and AAFCOR, the May payment was remitted directly to AAFCOR to be utilized in running the business.

42.    In June, Mr. Shelton apparently decided that he wanted to utilize the money, rather than utilizing it for the business.   Accordingly, he picked up the check from the Mayor of the Town of Lexington on Saturday, June 9, 2007.  The payment is ordinarily made on June 10, 2007, which would have been a Sunday.  This peculiar conduct on the part of Mr. Shelton once again diverted funds from the operation of the businesses.

43.    The business would have had a positive cash flow (albeit without debt service) in June, 2007, if Mr. Shelton had not diverted funds from the business operations.

7

44.    Given Mr. Shelton's fraudulent conduct in procuring the loans, his inability to manage the businesses, and his utterly fraudulent schedules, this Court should convert the case, or appoint a Trustee.

WHEREFORE, premises considered, AAFCOR respectfully requests this Court to:

1.    Convert this case to one under Chapter 7;

2.    Alternatively, appoint a Trustee to operate the business; and

3.    Grant such further and other relief as this Court may deem appropriate.

> \s\ C. Ellis Brazeal III
> C. Ellis Brazeal III
> Attorney for AAFCOR, LLC &
> AAF-Springfield, Inc.

**OF COUNSEL:**

Walston, Wells & Birchall, LLP
1819 5th Avenue North
Suite 1100
Birmingham, AL 35203
(205) 244-5237 phone
(205) 244-5437 fax

## CERTIFICATE OF SERVICE

I do hereby certify that a copy of the above and foregoing Motion to Convert or to Appoint Trustee has been served by electronic filing purposes and/or by placing same in the U.S. First Class Mail, postage prepaid and addressed as follows:

Kevin D. Heard
Heard & Associates, LLC
307 Clinton Avenue W. Ste. 310
Huntsville, AL 35801

American General Finance
2727 Mall Road
Florence, AL 35630-1531

Anthony Cosby
PO Box 583
Rogersville, AL 35632

Bank Independent
PO Box 5000
Sheffield, AL 35660

Bank of America
PO Box 15726
Wilmington, DE 19886-5726

Charles Kim Mitchell
9690 Highway 101
Lexington, AL 35648

Citizens National Bank
PO Box 4610
Sevierville, TN 37864-4610

Fed Land Bank
PO Box 740450
Tuscumbia, AL 35674

Fieldale Farms Corporation
PO Box 558
Baldwin, GA 30511

Gerald McGee
9491 Highway  101
PO Box 321
Lexington, AL 35648

HFC
PO Box 17574
Baltimore, MD 21297

Jerry Huckaba
5867 Highway 101
Rogersville, AL 35652

Lauderdale County Teachers Credit Union
103 Magnum Street
Florence, AL 35630

Listerhill Credit Union
PO Box 566
Sheffield, AL 356601

Mary Shelton
6164 Highway 101
Rogersville, AL 35652

Regions Bank
1701 Lee Street
Rogersville, AL 35652

Ruth Carroll
6145 County Road 33
Killen, AL 35645

Stuart Fuller
30 Fuller Stone Road
PO Box 5000
Leighton, AL 35646

This the \13$^{th}$\ day of July, 2007.


\s\ C. Ellis Brazeal III
OF COUNSEL

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JEFFREY J. WEISS, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. _____ |
| | § | |
| DAVID HIRSCH, | § | |
| | § | |
| *Defendant.* | § | |

## **CHARGING ORDER**

Upon consideration of the Application for Charging Order (the "Application") of Plaintiff Jeffrey J. Weiss ("Plaintiff"), the Court concludes that the Application should be and hereby is GRANTED.

Accordingly, it is:

ORDERED that AAFCAP, LLC is directed to pay to the Court registry any and all present and future distributions, reimbursements, credits, draws, or payments due to the Defendant David Hirsch until the Judgment in favor of Plaintiff entered in the United States District Court for the District of Colorado, in the case styled *Tarasiewicz v. Weiss et. al*, No 05-cv-01834-MEH-PAC and registered in this Court (hereinafter, the "Judgment"), is satisfied in full;

ORDERED that AAFCOR, LLC is directed to pay to the Court registry any and all present and future distributions, reimbursements, credits, draws, or payments due to the defendant Hirsch until the Judgment in favor of Plaintiff, plus any other recoverable costs or attorney's fees that Plaintiff has been awarded or has incurred in this or any other related proceeding, are satisfied in full;

ORDERED that amounts deposited in the Court registry be distributed to Plaintiff to satisfy the Judgment, plus any other recoverable costs or attorney's fees that Plaintiff has been awarded or has incurred in this or any other related proceeding, and that any surplus be paid to Defendant Hirsch;

ORDERED that Defendant Hirsch and AAFCAP, LLC are restrained from transferring, diluting, selling, encumbering, pledging, conveying or otherwise dissipating Defendant Hirsch's interest in AAFCAP, LLC until further order of the Court;

ORDERED that Defendant Hirsch and AAFCOR, LLC are restrained from transferring, diluting, selling, encumbering, pledging, conveying or otherwise dissipating Defendant Hirsch's interest in AAFCOR, LLC until further order of the Court;

ORDERED that within 30 days from the date of this Order AAFCAP, LLC and AAFCOR, LLC must file with this Court, at Defendant Hirsch's expense, respective written accountings of Defendant Hirsch's interest in those entities; and it is

ORDERED that this Order and any other or further order of this Court in connection with the Application shall be enforced through contempt proceedings or any other appropriate means in the event the Defendant Hirsch, AAFCAP, LLC, AAFCOR, LLC or any third party fails to comply with this Order or any other or further order of this Court in connection with the Application.

Signed on _____, 2007.

_____

JUDGE

2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JEFFREY J. WEISS, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. _____ |
| | § | |
| DAVID HIRSCH, | § | |
| | § | |
| *Defendant.* | § | |

## SHOW CAUSE ORDER

Plaintiff Jeffrey J. Weiss ("Plaintiff") has filed an Application for Charging Order against Defendant David Hirsch.  The Application arises out of a judgment in the principal sum of $104,673.74 entered against Defendant Hirsch in the United States District Court for the District of Colorado, in the case styled *Tarasiewicz v. Weiss et. al*, No 05-cv-01834-MEH-PAC.  A judgment in favor of Plaintiff was entered on February 20, 2007.

Plaintiff has registered the judgment in the United States District Court for the District of Delaware.  Plaintiff now seeks a charging order against Defendant's interest in two Delaware limited liability companies, AAFCAP, LLC and AAFCOR, LLC.

A show cause hearing is set for _____ _____, 2007 at _____ in the courtroom of _____.    Defendant David Hirsch as well as representatives of AAFCAP, LLC and AAFCOR, LLC may attend this hearing, then and there to show cause why a charging order should not issue as requested by Plaintiff.  Defendant David Hirsch as well as representatives of AAFCAP, LLC and AAFCOR, LLC may also file a written response to the Applications on or before _____.  Plaintiff may file a reply to any response by _____ _____.

Pending a determination of the Plaintiff's Application for Charging Order and the relief requested therein, Defendant Hirsch together with all persons having knowledge of this Order are restrained and enjoined from the transfer, dilution, sale, encumbrance, pledge, conveyance or otherwise dissipation of the Hirsch's interest in AAFCAP, LLC and AAFCOR, LLC.

The district clerk is directed to send a copy of this Show Cause Order to:

David Hirsch
11193 La Cantera Trail,
Frisco, TX  75034

AAFCAP, LLC, by and through its registered agent,
The Company Corporation,
2711 Centerville Road, Suite 400,
Wilmington, DE 19808

AAFCOR, LLC, by and through
its registered agent, Delaware Business Incorporators, Inc.,
3422 Old Capitol Trail, Suite 700,
Wilmington, DE 19808


SO ORDERED.

Signed on _____ _____, 2007.


_____
JUDGE