*Filed in open Court this 6th day of September, 2007*

*JJF*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JEFFREY J. WEISS, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Misc. Civil Action No. 07-00148-JJF |
| | § | |
| DAVID HIRSCH, | § | |
| | § | |
| *Defendant.* | § | |

## CHARGING ORDER AND PERMANENT INJUNCTION

Came on to be considered Plaintiff Jeffrey J. Weiss' ("Weiss'") Application for Entry of Charging Order and Permanent Injunction. In support of the Charging Order and Permanent Injunction, the Court is advised of the following:

1. On February 20, 2007, in the case styled *Patricia Tarasiewicz v. Jeffrey J. Weiss and Vernal Properties, LLC. v. David Hirsch*, Civil Action No. 05-cv-01834-MEH-PAC, in the United States District Court for the District of Colorado, the District Court entered an Amended Judgment (the "Judgment") in favor of Plaintiff Weiss and against Defendant Hirsch in the principal amount of $104,673.74, plus 8% interest, accruing September 26, 2006 until paid, plus costs upon the filing of a bill of costs, and upon which a stipulated bill of costs was filed on February 16, 2007 evidencing $840.00 (collectively the "Judgment Amount").

2. Hirsch did not file a supersedeas bond on or before the deadline set by the District Court of April 6, 2007. On April 11, 2007, the District Court entered an Order allowing Weiss to register the Judgment in any other District Court. The Court further ordered "that issuance of a certificate of judgment for the [Judgment] entered in this matter on February 20, 2007, in favor of Weiss and against Hirsch, shall be expedited." To date, the Judgment Amount remains unsatisfied.

3. On July 27, 2007, Weiss filed his Application for Registration of Judgment and for Issuance of Charging Order (the "Application") with this Court. On July 30, 2007, the Judgment was entered on this Court's docket. (Docket No. 1.) On August 15, 2007, the Court entered a Show Cause Order in this lawsuit. (Docket No. 5.) A show cause hearing was set for September 6, 2007 at 9:15 am in Court Room 413. (See, Docket No. 5.) Pending a determination of Plaintiff's Application for charging order and the relief requested therein, Defendant Hirsch together with all persons having knowledge of the Show Cause Order were restrained and enjoined from the transfer, dilution, sale, encumbrance, pledge, conveyance, or otherwise dissipation of Hirsch's interest in AAFCAP, LLC and AAFCOR, LLC.

The Court having considered the Application and the record in this action, grants the relief sought in the Application. Accordingly:

### PERMANENT INJUNCTION

**IT IS ORDERED** that Defendant Hirsch, and his officers, agents, servants, employees, and attorneys, and those in active concert or participation with them who receive actual notice of this Order by personal service or otherwise pursuant to Federal Rule of Civil Procedure 65, shall be and are hereby permanently enjoined from transferring, encumbering, assigning, dispensing, apportioning, conveying, diminishing, deteriorating, diluting, abandoning, dissolving, or impairing in any way, any claims, interest, or rights Hirsch has in the AAFCAP, LLC entity until the Judgment Amount (plus all accrued interest and costs), including but not limited to any other sum awarded to Plaintiff Weiss by this Court or any other court related to the collection of the Judgment, is paid in full;

**IT IS FURTHER ORDERED** that AAFCAP, LLC, and its officers, agents, servants, employees, and attorneys, and those in active concert or participation with them who receive

actual notice of this Order by personal service or otherwise pursuant to Federal Rule of Civil Procedure 65, shall be and are hereby permanently enjoined from transferring, encumbering, assigning, dispensing, apportioning, conveying, diminishing, deteriorating, diluting, abandoning, dissolving, or impairing in any way, any claims, interest, or rights Hirsch has in the AAFCAP, LLC entity until the Judgment Amount (plus all accrued interest and costs), including but not limited to any other sum awarded to Plaintiff Weiss by this Court or any other court related to the collection of the Judgment, is paid in full;

**IT IS ORDERED** that Defendant Hirsch, and his officers, agents, servants, employees, and attorneys, and those in active concert or participation with them who receive actual notice of this Order by personal service or otherwise pursuant to Federal Rule of Civil Procedure 65, shall be and are hereby permanently enjoined from transferring, encumbering, assigning, dispensing, apportioning, conveying, diminishing, deteriorating, diluting, abandoning, dissolving, or impairing in any way, any claims, interest, or rights Hirsch has in the AAFCOR, LLC entity until the Judgment Amount (plus all accrued interest and costs), including but not limited to any other sum awarded to Plaintiff Weiss by this Court or any other court related to the collection of the Judgment, is paid in full.

**IT IS FURTHER ORDERED** that AAFCOR, LLC, and its officers, agents, servants, employees, and attorneys, and those in active concert or participation with them who receive actual notice of this Order by personal service or otherwise pursuant to Federal Rule of Civil Procedure 65, shall be and are hereby permanently enjoined from transferring, encumbering, assigning, dispensing, apportioning, conveying, diminishing, deteriorating, diluting, abandoning, dissolving, or impairing in any way, any claims, interest, or rights Hirsch has in the AAFCOR,

LLC entity until the Judgment Amount (plus all accrued interest and costs), including but not limited to any other sum awarded by this Court to Plaintiff Weiss, is paid in full;

### CHARGING ORDER

**IT IS FURTHER ORDERED** that AAFCAP, LLC, immediately upon receipt thereof, shall pay to the Court registry any and all present and future distributions, reimbursements, credits, draws, or payments due to the Defendant David Hirsch, up to and including the Judgment Amount (plus accrued interest and costs), plus any other sum awarded to Plaintiff Weiss by this Court or any other court related to the collection of the Judgment;

**IT IS FURTHER ORDERED** that AAFCOR, LLC immediately upon receipt thereof, shall pay to the Court registry any and all present and future distributions, reimbursements, credits, draws, or payments due to the Defendant David Hirsch, up to and including the Judgment Amount (plus accrued interest and costs), plus any other sum awarded to Plaintiff Weiss by this Court or any other court related to the collection of the Judgment;

**IT IS FURTHER ORDERED** that this Court will, upon motion, with notice to all parties, issue a final order as to the distribution of any funds collected as required by this Agreed Order and Permanent Injunction upon the final resolution (including all appeals or where the time for taking such appeals has expired, but excluding such time and months under Rule 60 of the Federal Rules of Civil Procedure) of the claims and issues relating to the Judgment between Jeffrey Weiss and David Hirsch;

**IT IS FURTHER ORDERED** that within 30 days from the date of this Order AAFCAP, LLC and AAFCOR, LLC and Defendant Hirsch must file with this Court and with Weiss, at Defendant Hirsch's expense, written accountings of Defendant Hirsch's interest in those entities;

IT IS FURTHER ORDERED that this Order and any other or further order of this Court in connection with the Application shall be enforced through contempt proceedings or any other appropriate means in the event that Defendant Hirsch, AAFCAP, LLC, AAFCOR, LLC, or any party in active concert or participation with them who receive actual notice of this Order by personal service or otherwise pursuant to Federal Rule of Civil Procedure 65, fails to comply with this Order or any other or further order of this Court in connection with the Application.

IT IS FURTHER ORDERED that this Order does not preclude or prevent Plaintiff Weiss from engaging in any other post-judgment remedy or collection effort related to the collection of the Judgment Amount. Consequently, this case shall remain on the Court's docket.

Signed on _September 6_, 2007.

_____
Joseph J. Farnan, Jr.
United States District Judge